IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY JANE MCQUEENY, EMILY THORPE, JENNIFER TRITT and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br> vs. <br><br> EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, DUPONT CORPORATION, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES, N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br>     Defendants, <br><br> and <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br>     Proposed Defendant-Intervenor. | Case No. 4:24-cv-00803-SRB <br><br> **ORAL ARGUMENT REQUESTED** |

**KANSAS'S MOTION FOR LIMITED INTERVENTION**

COMES NOW, the State of Kansas, *ex rel.* Kris W. Kobach, Attorney General ("Kansas"), under Federal Rule of Civil Procedure 24 and Local Rule 15.1 and respectfully moves for limited intervention as to Plaintiff The Board of County Commissioners of the County of Ford ("Ford County") (Doc. 48, ¶ 23) to defend Kansas's *parens patriae* and statutory

1

authority.[1] Kansas's limited intervention is warranted as of right because (1) Kansas's motion is timely, (2) Kansas has the right to defend its sovereignty from usurpation by one of its counties, (3) the underlying suit attempts to foreclose Kansas's ability to prosecute similar claims, and (4) no existing party can exercise Kansas's authority or protect its interests. *See* Fed. R. Civ. P. 24(a)(2).

Alternatively, the Court should permit Kansas to intervene. Kansas's motion is timely, its challenge to Ford County's ability to sue involves a common question of law, and Kansas's intervention does not unduly delay or prejudice the existing parties at this early and preliminary stage of litigation. *See* Fed. R. Civ. P. 24(b)(1), (3). Further, the underlying suit relies in part on statutes that vest exclusive enforcement authority in Kansas via the Attorney General, *not* counties. *See* Fed. R. Civ. P. 24(b)(2), (3).

For the reasons discussed in its motion and supporting suggestions, Kansas respectfully requests this Court grant Kansas's Motion for Limited Intervention in this matter. In addition to this motion and its supporting suggestions, Kansas attaches its proposed Motion to Dismiss and supporting suggestions, which are attached as Exhibit A, and its proposed Motion to Exceed Page Limitations for its supporting suggestions, which is attached as Exhibit B. Kansas also files a proposed order granting Kansas's intervention as of right. *See* L.R. 7.0(f).

---

[1] Kansas's motion is purposefully limited to the political subdivision plaintiff (*i.e.*, Ford County). But to the extent all or some of the political subdivision's dismissed claims would result in an alleged class of individual consumers representing governmental entities (it should not), Kansas would also argue individual consumers cannot usurp the State's sovereignty or the Attorney General's authority and also lack standing to bring these claims. *See, e.g.*, 15 U.S.C. § 15c (attorney general's sole authority to bring federal antitrust claims for the State); K.S.A. 50-162 (attorney general's exclusive authority to bring Kansas Restraint of Trade Act claims for the State and its political subdivisions); K.S.A. 75-702 (attorney general's sole authority to prosecute civil matters for the State); K.S.A. 60-908 (attorney general's exclusive authority to abate statewide nuisances); *see also Thiebaut v. Colo. Springs Utils.*, 455 F. App'x 795, 800 (10th Cir. 2011) (recognizing "that in deciding whether a plaintiff qualifies for *parens patriae* standing, it is appropriate to look to state law" (citing *Hous. Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183 (10th Cir. 1991)).

**Dated:** February 4, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Nicholas C. Smith*
Melanie S. Jack, W.D. Mo. No. KS-001292
  *First Assistant Attorney General*
Nicholas C. Smith, W.D. Mo. No. KS-001290
  *Assistant Attorney General*
Adam T. Steinhilber, Mo. Bar No. 73959
  *Assistant Solicitor General*
**OFFICE OF ATTORNEY GENERAL**
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-3751
Fax: (785) 291-3699
Email:  Melanie.Jack@ag.ks.gov
         Nicholas.Smith@ag.ks.gov
         Adam.Steinhilber@ag.ks.gov

*Attorneys for State of Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance, and I otherwise caused all parties to be served with the foregoing document as required by Federal Rule of Civil Procedure 24(c).

*/s/ Nicholas C. Smith*
Nicholas C. Smith