UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY KANE MCQUEENY, EMILY THORPE, JENNIFER TRITT, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS INC., CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES, N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br> *Defendants*, <br><br> And <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br> *Defendant-Intervenor*. | **Civil Action No. 2:25-cv-02195-TC-TJJ** |

## NOTICE OF RELATED CASE AND REQUEST FOR TRANSFER
## PURSUANT TO LOCAL RULE 40.1

Defendant Exxon Mobil Corporation ("ExxonMobil") submits this Notice of Related Case. This case has been transferred to this district because it is related to *Ford Cnty. v. Exxon Mobil Corp., et al.*, Case No. 2:24-cv-02547 (D. Kan.), a first-filed action previously assigned to Judge

1

Vratil. Specifically, the United States Court of Appeals for the Eighth Circuit granted mandamus relief and ordered that the case be transferred back to this district, under the first-filed rule, to prevent Plaintiffs' judge-shopping. *See* Ex. 4; *In re Exxon Mobil Corp.*, No. 25-1390 (8th Cir. April 1, 2025). The transfer is now complete. This case is thus related to *Ford County*.

ExxonMobil also respectfully requests transfer of this case to Judge Vratil pursuant to D. Kan. Local Rule 40.1. ExxonMobil has no objection to the assignment to this Court but submits that, to be consistent with the Eighth Circuit's decision and this Court's practice in second-filed cases, transfer to Judge Vratil is warranted. Under Rule 40.1, "in the interest of justice or to further the efficient disposition of the business of the court, a judge may return a case to the clerk for reassignment or, with the approval of the chief judge, may transfer the case to another judge who consents to such transfer." A transfer to Judge Vratil is in the interests of justice because it would prevent Plaintiffs' effort at judge-shopping by transferring this case to the first-assigned judge.

On November 27, 2024, Plaintiff Ford County brought a class action against Defendants in this Court regarding plastics recycling. The *Ford County* case was randomly assigned to Judge Vratil.

On December 16, 2024, Ford County's lawyers filed a second class action in the Western District of Missouri against the same Defendants also regarding plastics recycling, with allegations drawn verbatim from the *Ford County* complaint, but on behalf of individual consumer plaintiffs. *See Rodriguez, et al., v. Exxon Mobil Corp., et al.*, No. 4:24-cv-00803 (W.D. Mo.). The *Rodriguez* case was randomly assigned to Judge Bough.

ExxonMobil filed a motion to transfer the second-filed *Rodriguez* case from the Western District of Missouri to this Court under the first-filed rule. *Rodriguez* Dkt. 4 at 5. *See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) ("The well-established

2

rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.").

In response, Plaintiffs did not deny that the relationship to *Ford County* triggered the first-filed rule. Rather, in an effort to avoid transfer of the second-filed *Rodriguez* case and claims back to this Court, Plaintiffs voluntarily dismissed *Ford County* and amended the *Rodriguez* complaint to add all of the parties and claims from the *Ford County* suit into *Rodriguez*. *Rodriguez* Dkt. 47, 48. *See Rodriguez* Dkt. 47 at 2 (representing that the "overlap of allegations and parties" mean that "the lawsuit is best situated . . . to be litigated in a single case, together"). Plaintiffs thus unilaterally selected the second-filed venue and the second-assigned judge—after seeing both judicial assignments. They claimed that, by doing so, they had "mooted" ExxonMobil's motion to transfer. *Rodriguez* Dkt. 47 at 2. The district court in *Rodriguez* agreed, and denied ExxonMobil's motion. *Rodriguez* Dkt. 49.

ExxonMobil filed a petition for a writ of mandamus to the Eighth Circuit. Ex. 1; *ExxonMobil* Dkt. 1. ExxonMobil explained that, by filing overlapping lawsuits and then combining the two actions into one in the court of their choosing—after seeing the judicial assignment in each—Plaintiffs had violated the first-filed rule and improperly circumvented the random case assignment process. *See* Ex. 1 at 11–16; *ExxonMobil* Dkt. 1 at 11–16. Indeed, this tactic allowed Plaintiffs to pick their judge. *See* Ex. 1 at 11–16; *ExxonMobil* Dkt. 1 at 11–16. ExxonMobil argued that application of the first-filed rule was therefore necessary to prevent such judge-shopping. Ex. 1 at 11–16; *ExxonMobil* Dkt. 1 at 11–16. *See* Ex. 3 at 7; *ExxonMobil* Dkt. 12 at 7 ("To let the manipulation of a court's random case-assignment procedures go unpoliced would bring the judicial system itself into disrepute and would permit unscrupulous litigants and

3

lawyer to thwart our system of judicial administration." (quoting *Boe v. Marshall*, 2025 WL 602564 at *39 (M.D. Ala. Feb. 25, 2025))).

The Eighth Circuit agreed, granting the mandamus petition. *See* Ex. 4; *In re Exxon Mobil* No. 25-1390. The court ordered the Western District of Missouri to transfer the case to this Court. Ex. 4; *In re Exxon Mobil*, No. 25-1390. That court has now done so. *Rodriguez* Dkt. 163.

The transfer under the first-filed rule establishes that this case is related to *Ford County*. Moreover, although ExxonMobil has no objection to the assignment to this Court, ExxonMobil respectfully submits that a transfer of this case to Judge Vratil is warranted "in the interest of justice" under Local Rule 40.1. Given that the Eighth Circuit's grant of mandamus was in response to Plaintiffs' attempted judge-shopping and that transfer is based on the first-filed rule, rather than a Section 1404 transfer for convenience, assignment of this case to the first-filed judge would be appropriate. Assignment of the case to Judge Vratil would safeguard the "integrity" of this Court's "random selection process," which should be "jealously guard[ed] . . . from potential abuse which attempts to circumvent [it]." *Murray v. Sevier*, 1992 WL 75212, at *1 (D. Kan. Mar. 13, 1992).

Judges in this district have repeatedly transferred to the first-filed judge under analogous circumstances. For example, in *Fink v. Merit Energy*, 2024 WL 1856317 (D. Kan. Apr. 29, 2024), Judge Vratil ordered transfer to Judge Broomes after Plaintiffs' counsel in this case employed similar tactics, by filing a class action in Kansas state court, but then voluntarily dismissing after the defendant removed the case to this Court and Judge Broomes was assigned. *Id.* at *1. Plaintiffs' counsel then filed a second class action against the same defendant in this Court, and later amended the complaint to add the dismissed claims from the first suit into the second. That second-filed case was assigned to Judge Vratil, who transferred the case to Judge Brooms under the first-filed rule. *Id.* at *3. Likewise, in *Murray v. Sevier*, 145 F.R.D. 563 (D. Kan. 1993), an

4

attorney filed several overlapping suits in this Court, the first of which was assigned to Judge Belot. *Id.* at 564–65. However, the attorney chose to proceed in the case assigned to then-Chief Judge Kelly, dismissing the others. *Id.* Chief Judge Kelly then transferred the case to the first-filed judge, Judge Belot, thwarting the "deliberate effort to circumvent this court's random selection process and secure a trial before Chief Judge Kelly." *Id.* A transfer to Judge Vratil would thus be consistent with the Eighth Circuit's grant of mandamus and with this Court's practice in *Fink* and *Murray*.

For these reasons, ExxonMobil notifies this Court that this case is related to *Ford County* and respectfully requests that this case be transferred to Judge Vratil, the first-assigned judge.

Dated: April 15, 2025

Respectfully submitted,

By: /s/ *Richard N. Bien*

David J. Lender (Pro Hac Vice to be filed)
david.lender@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

David R. Singh (Pro Hac Vice to be filed)
david.singh@weil.com
Morgan MacBride (Pro Hac Vice to be filed)
morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065

Richard N. Bien (MO #31398)
richard.bien@lathropgpm.com
William F. Ford (MO #35116)
bill.ford@lathropgpm.com
Emma C. Halling (MO #75986)
emma.halling@lathropgpm.com
Grant A. Harse (KS #001043)
grant.harse@lathropgpm.com
Brody Sabor (MO #73421)
brody.sabor@lathropgpm.com
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone: (816) 292-2000

*Attorneys for Defendant*
*Exxon Mobil Corporation*

## **CERTIFICATE OF SERVICE**

    The foregoing was electronically filed with the Court this 15th day of April, 2025, and served via the Court's ECF system upon all counsel of record.

                                                /s/ *Richard N. Bien*
                                                An Attorney for Defendant
                                                ExxonMobil Corporation