# Exhibit 2

No. 25-1390

# In the United States Court of Appeals for the Eighth Circuit

*In re Exxon Mobil Corp.*,

Defendant-Petitioner,

On Petition for Writ of Mandamus to the United States District Court for the
Western District of Missouri – Kansas City, Hon. Stephen R. Bough
No. 4:24-cv-00803-SRB

## RESPONDENTS' OPPOSITION TO PETITION
## FOR WRIT OF MANDAMUS

Rex A. Sharp
Isaac L. Diel
W. Greg Wright
Sarah T. Bradshaw
Hammons P. Hepner
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
rsharp@midwest-law.com
idiel@midwest-law.com
gwright@midwest-law.com
sbradshaw@midwest-law.com
hhepner@midwest-law.com

*Counsel for Respondents*

# TABLE OF CONTENTS

Introduction ................................................................................................1

Relevant Background ..................................................................................1

Standard for Writ of Mandamus ................................................................4

Argument ....................................................................................................5

I.  Exxon fails to show how the District Court committed a clear abuse of discretion ....................................................................................6

    A.  The District Court rationally concluded that dismissing the Kansas case without prejudice under Rule 41(a)(1) mooted Exxon's motion. ......................................................................6

    B.  Exxon cites no on-point case that supports its extraordinary request ............................................................................9

II.  Even if the Rule 41(a)(1) dismissal did not moot Exxon's motion, Exxon cannot establish a clear entitlement to have the case transferred to Kansas ..................................................................................11

    A.  The (now defunct) Kansas case was not parallel with the Missouri case because of different plaintiffs and putative classes. ....................................................................................11

    B.  The (now defunct) Kansas case was not parallel with the Missouri case because of different causes of action asserted. ............13

III.  Exxon's policy arguments fail to justify the writ. ........................15

Conclusion ...............................................................................................17

Certificate of Compliance ........................................................................18

Certificate of Service ...............................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. Pfizer, Inc.*,
  No. 21-62122-CIV, 2022 WL 2355541 (S.D. Fla. June 22, 2022) ................ 9, 16

*Adams v. PSP Group, LLC*,
  691 F. Supp. 3d 1031 (E.D. Mo. 2023) ......................................................... 12, 15

*Adams v. USAA Cas. Ins. Co.*,
  863 F.3d 1069 (8th Cir. 2017) ............................................................................. 15

*AG Leader Tech., Inc. v. NTech Indus., Inc.*,
  574 F. Supp. 2d 1011 (S.D. Iowa 2008) ............................................................... 5

*Alul v. Am. Honda Motor Co.*,
  No. 16-cv-4384, 2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ........................ 7, 8

*Baatz v. Columbia Gas Transmission, LLC*,
  814 F.3d 785 (6th Cir. 2016) ............................................................................... 13

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) .............................................................................................. 4

*CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.*,
  No. 04-79, 2005 WL 741911 (N.D. Iowa Mar. 31, 2005) ................................... 14

*Haworth v. New Prime, Inc.*,
  448 F. Supp. 3d 1060 (W.D. Mo. 2020) ............................................................... 8

*In re Apple, Inc.*,
  602 F.3d 909 (8th Cir. 2010) ..................................................................... 4, 5, 11, 16

*In re Piper Aircraft Distrib. Sys. Antitrust Litig.*,
  551 F.2d 213 (8th Cir. 1977) ................................................................................. 7

*In re Samsung Electronics Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) ......................................................................... 10, 16

ii

*In re Union Elec. Co.*,
    787 F.3d 903 (8th Cir. 2015)................................................................. 5, 6

*Johnson v. Siemens Indus., Inc.*,
    No. 23-CV-01562-RS, 2023 WL 4686015 (N.D. Cal. July 21, 2023) ............ 9, 16

*McGraw-Edison Co. v. Van Pelt*,
    350 F.2d 361 (8th Cir. 1965)..................................................................... 4

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
    989 F.2d 1002 (8th Cir. 1993)............................................................. 1, 5, 7, 12

*Orthmann v. Apple River Campground, Inc.*,
    765 F.2d 119 (8th Cir. 1985)................................................................ 5, 6, 8-9

*Sitzer v. Nat'l Ass'n of Realtors*,
    No. 19-CV-00332-SRB, 2019 WL 11648563 (W.D. Mo. Aug. 22, 2019) ......... 12

*Smart v. Sunshine Potato Flakes, L.L.C.*,
    307 F.3d 684 (8th Cir. 2002)...................................................................... 5

*Smith v. Dowden*,
    47 F.3d 940 (8th Cir. 1995)........................................................................ 7

*Tillman v. BNSF Railway Co.*,
    33 F.4th 1024 (8th Cir. 2022) ................................................................... 15

*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*,
    920 F.2d 487 (8th Cir. 1990).................................................................... 10

*United States v. Beale*,
    574 F.3d 512 (8th Cir. 2009)................................................................. 16-77

*Young v. L'Oreal USA, Inc.*,
    526 F. Supp. 3d 700 (N.D. Cal. 2021) ........................................................ 9

Appellate Case: 25-1390    Page: 4    Date Filed: 03/21/2025 Entry ID: 5498861

## INTRODUCTION

Defendant-Petitioner Exxon Mobil Corp. ("Exxon") petitions this Court for a writ of mandamus on the District Court's exercise of discretion: whether the District Court erred in not transferring the underlying case back to the terminated, dormant docket of a case with similar factual allegations, filed by Plaintiffs-Respondents' Counsel in a different district court. Mandamus is reserved for extraordinary circumstances requiring a drastic remedy—the District Court's exercise of "wide discretion"[1] here is not one of those extraordinary circumstances. The Court should deny the petition.

## RELEVANT BACKGROUND

Plaintiffs, individual consumers Billie Rodriguez, Daniel Erwin,[2] Michael Ackerman, and Kyle Foreman, filed this action on December 16, 2024 in the United States District Court for the Western District of Missouri. App. 60; R. Doc. 1. They generally alleged claims against Exxon and multiple other plastic producing companies and a trade association[3] about their misleading claims that many plastics are recyclable. *See generally* App. 60–150; R. Doc. 1. Plaintiffs brought claims under antitrust laws, consumer protection statutes, and common-law unjust

---

[1] District courts enjoy wide discretion in applying the first-filed rule. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993).

[2] Daniel Erwin voluntarily dismissed his case without prejudice after Exxon filed the instant petition. *See* R. Doc. 126.

[3] None of the other Defendants joined this mandamus petition.

1

enrichment. *See* App. 107–150; R. Doc. 1, at 48–91. They sought to represent classes comprised of indirect purchasers of plastics. *See* App. 103–04; R. Doc. 1, at 44–45 (Compl. ¶¶ 153–54).

Less than a week later, Exxon moved to transfer venue—the third docket entry after the Complaint and the District Court's standard mediation order. *See* App. 165. It sought to transfer the case to the United States District Court for the District of Kansas, alleging a public nuisance case by a governmental entity was "first to file." App. 178; R. Doc. 4, at 2.[4] Specifically, Exxon argued that this case was similar to a case brought by the Board of County Commissioners of the County of Ford ("Ford County") against Exxon and other plastic producing companies. *Id.* Ironically though, in its motion to transfer, Exxon asserted that it would contest personal jurisdiction in Kansas if the case was transferred. App. 177; R. Doc. 4, at 1 n.1 (noting that Exxon is "specially appearing" and does not concede that "jurisdiction is proper in the District of Kansas").

Ford County originally filed its class action complaint in the United States for the District of Kansas on November 27, 2024. App. 8. In contrast to the Missouri

---

[4] The first filed governmental entity nuisance case was in California, but Exxon did not want to transfer there. Instead, Exxon wrongfully removed that case to federal court, and it was remanded to state court. *The People of the State of California v. Exxon Mobil Corp.*, No. 24-cv-07594, ECF No. 28(N.D. Cal. Feb. 24, 2025) (order granting State of California's motion to remand).

2

complaint, Ford County raised claims under public nuisance laws, arguing that Defendants were liable because their conspiracy and actions created massive sanitation and landfill problems for county governments. *Id.* It sought to represent a class of Kansas counties that have paid and will continue to pay costs for plastics disposal. App. 48 (Kan. Compl. ¶ 146).

On January 17, 2025, Ford County dismissed the Kansas case. App. 57. That same day, Plaintiffs alerted the District Court about this development and asserted that Exxon's motion was now moot because there was no competing case. App. 191; R. Doc. 4, at 2 (¶ 3). Plaintiffs also amended their complaint that day to add four more Missouri Plaintiffs as well as adding the much smaller Ford County case to the nationwide class action. *See* App. 202; R. Doc. 48, at 8 (Am. Compl. ¶¶ 19–23). On the same day, the District of Kansas formally terminated the Kansas case. App. 57.

On January 21, 2025, the District Court denied Exxon's motion to transfer venue. App. 2; R. Doc. 49. It reasoned that voluntarily dismissing the "parallel" lawsuit mooted Exxon's motion. *Id.* Exxon's disingenuous argument for transfer for efficiencies and convenience was quickly illuminated when it moved to reconsider that decision, but the District Court declined to do so. App. 5; R. Doc. 92.

Exxon, with its co-Defendants, then filed an unfounded Motion to Recuse Judge Bough based on an attenuated chain that because his wife is a city councilmember and if the case survives motions to dismiss, if a class is later

3

certified, if the city did not opt out of the class, and if she was still a city councilmember, there might be a conflict with one of the three classes Plaintiffs allege. R. Doc. 109. This motion was denied as premature. R. Doc. 112, at 1–2.

On February 24, 2025, Exxon petitioned this Court for a writ of mandamus, arguing that the District Court abused its discretion by not transferring the case to Kansas.

## STANDARD FOR WRIT OF MANDAMUS

A writ of mandamus is a "drastic and extraordinary remedy" only appropriate in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). "[A] clear error of law or clear error of judgment leading to a patently erroneous result may constitute a clear abuse of discretion." *In re Apple, Inc.*, 602 F.3d 909, 911 (8th Cir. 2010).

The Eighth Circuit has held that mandamus writs can be appropriate to remedy manifest judicial arbitrariness. *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 363 (8th Cir. 1965). The Court "will not, however, disturb a district court's transfer order where 'the facts and circumstances are rationally capable of providing reasons for what the district court has done.'" *In re Apple, Inc.*, 602 F.3d at 912 (quoting *McGraw-Edison Co.*, 350 F.2d at 363). In other words, if the district court "may" be

4

correct in its reasoning, the Court should not issue a writ. *In re Union Elec. Co.*, 787 F.3d 903, 909 (8th Cir. 2015).

## ARGUMENT

Exxon fails to establish that a writ of mandamus directing the District Court to transfer this action to Kansas is warranted based on the first to file rule. The first to file rule applies "where two courts have concurrent jurisdiction" over a matter. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). In that situation, the court that first establishes jurisdiction is given "priority" over "parallel litigation" in separate courts. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). "Although it is referred to as the first-filed *rule*, it is only one factor the court should consider in deciding which case should proceed first." *AG Leader Tech., Inc. v. NTech Indus., Inc.*, 574 F. Supp. 2d 1011, 1015 (S.D. Iowa 2008) (emphasis original); *accord Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) ("But the 'first filed' is not a 'rule.'").

The Court should not issue a writ of mandamus transferring this case to the District of Kansas for three reasons. *First*, Exxon cannot show a clear abuse of discretion by the District Court. *Second*, Exxon has not shown entitlement to the writ since there was no threat of inconsistent rulings because the parties and claims asserted in the two cases were not parallel. *Third*, Exxon's allegations of judge-

shopping—which serves as the primary basis for its petition—are unfounded and insufficient to issue a writ. The Court should deny Exxon's petition.

**I.      Exxon fails to show how the District Court committed a clear abuse of discretion.**

The standard for issuance of a writ is high. *See In re Union Elec. Co.*, 787 F.3d at 908 ("Such a writ remains an extraordinary form of relief, and our review is narrowly circumscribed."). Try as it might, Exxon cannot clear the high standard for mandamus on this discretionary issue because the District Court acted appropriately by deeming the transfer motion moot after Plaintiffs voluntarily consolidated their two similar cases, giving Exxon the relief it originally sought with the transfer request (just not in the venue Exxon wanted). And Exxon cites no on-point case supporting its position that this was not the correct outcome.

**A.      The District Court rationally concluded that dismissing the Kansas case without prejudice under Rule 41(a)(1) mooted Exxon's motion.**

The District Court rationally denied Exxon's motion because the Kansas case was dismissed without prejudice under Rule 41(a)(1). "The purpose of [the first to file] rule is to promote efficient use of judicial resources. The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann*, 765 F.2d at 121. It alleviates the concern that parallel litigation will necessarily duplicate proceedings and possibly lead to conflicting rulings. *Nw. Airlines*, 989 F.2d at 1006.

6

Because the Kansas case was dismissed without prejudice under Rule 41(a)(1), the first to file is nullified. "The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as *if the action had never been brought*." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) (emphasis added). In other words, "[t]he jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim." *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995).

Since the Kansas dismissal left the parties as if no case had ever been brought in Kansas, there was no longer any risk of duplicate proceedings or conflicting rulings. Indeed, the Kansas court cannot adjudicate the withdrawn claim. As such, the District Court rationally concluded that the Rule 41(a)(1) dismissal mooted Exxon's motion.

The District Court is not alone in this view. At least one other court has held that dismissing a case under Rule 41(a)(1) in one district does not mandate that a similar case must be transferred to the district where the first case was filed.[5] *See Alul v. Am. Honda Motor Co.*, No. 16-cv-4384, 2016 WL 7116934, at *5–6 (N.D. Cal. Dec. 7, 2016). *Alul* aptly articulated that "[i]t would not serve the purpose of

---

[5] The fact that other plaintiffs have invoked this streamlined procedure before undermines Exxon's concern that the District Court created a new way for plaintiffs to "game" the system. *See* Appellant Br. at 10.

7

sound judicial administration to send this case to a district where no similar case is pending." *Id.* at *6 (quotation cleaned up).

This reasoning directly tracks the considerations used by courts in the Eighth Circuit. Another Western District of Missouri case declined to apply the first to file rule when there was little risk that duplicative proceedings would happen. *See Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1064 (W.D. Mo. 2020). The same is true here. The dismissal also stopped the Kansas case before any proceedings happened—the Notice of Voluntary Dismissal was the fourth docket entry on the Kansas docket, the only filing besides the case initiation entries. App. 57. No attorneys had entered their appearance, and no service of process had been done.

In contrast, the Missouri case has over 150 entries, entries of appearance by dozens of attorneys, multiple orders on pro hac vice applications and scheduling, a negotiated briefing schedule on Defendants' eight motions to dismiss and an amicus brief, and Rule 26(f) conferences scheduled with an impending Rule 16 conference in one month. *See* App. 170, 172; R. Docs. 56, 58, 75, 127–41. The Eighth Circuit has approved of allowing the later-filed case to proceed especially when the later-filed case has proceeded further—just as is the case here. *See Orthmann*, 765 F.2d at 121 (declining to keep case in first-filed jurisdiction because the parallel proceeding had progressed further). Thus, the District Court acted well within its discretion by denying Exxon's motion.

8

**B.    Exxon cites no on-point case that supports its extraordinary request.**

Exxon identifies no case (much less a binding Eighth Circuit case) invoking the first to file rule to transfer a case to a district where a similar case was pending but had been dismissed without prejudice under Rule 41(a)(1). The cases it relies on involve situations where the first-filed case had undergone motion practice and (usually) an adverse ruling. *See, e.g.*, *Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541 (S.D. Fla. June 22, 2022). In those situations, courts invoke the first-to-file rule to prevent plaintiffs from eliciting an inconsistent judgment. *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 707 (N.D. Cal. 2021); *see also Johnson v. Siemens Indus., Inc*., No. 23-CV-01562-RS, 2023 WL 4686015, at *1, 3 (N.D. Cal. July 21, 2023) (ordering transfer of second-filed case on the basis of Plaintiffs' counsel trying to avoid prior adverse ruling following dismissal of the federal claims after Fed. R. Civ. P. 12 briefing by filing "essentially the same" case, in a different judicial district). That concern is absent here because there are no orders from the Kansas case that the Plaintiffs are trying to avoid. Thus, these cases offer no support for Exxon's extraordinary request.

The seminal cases cited by Exxon for the proposition that its request is logistically feasible and possible are not remotely akin to the facts here. *See* Appellant Br. at 4 (listing apposite authority). *Goodyear* involved the stereotypical application of the first-filed rule where one party files a declaratory judgment action

to pick the forum before the "true plaintiff" can, to avoid application of an unfavorable jurisdiction's law. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 489 (8th Cir. 1990). Both cases were active when the district court applied the first-filed rule. *See id.* at 488. And in analyzing case law and affirming the district court, the Court stated "Most importantly, [the] cases affirmed a district court's discretionary decision concerning an exception to the first-filed rule, while [Petitioner] is asking for a reversal of the court's discretionary action." *Id.*

*In re Samsung Electronics Co., Ltd* is equally as unavailing to support Exxon's proposition. 2 F.4th 1371 (Fed. Cir. 2021). There, the Federal Circuit vacated the district court's denial of a Motion to Transfer under 28 U.S.C.A. § 1404—not a transfer request under the first-filed rule. *Id.* at 1375. The Federal Circuit was particularly concerned about the well-known forum shopping in Texas federal courts for patent cases. *See id.* at 1378. These cases involved creating business organizations in Texas or transferring patents to Texas offices to establish venue there. *Id.* Exxon makes no similar allegations here and thus this case—as well as the other cases cited by Exxon—are inapplicable.

\* \* \* \* \*

The District Court rationally concluded that dismissing a previously filed case moots the application of the first-filed rule. There were no rulings or orders, dispositive or otherwise, that created the law of the case and risked creation of

10

conflicting outcomes between the underlying case and that one. Despite Exxon's best attempts at analogizing these cases with the instant case, there is no colorable argument that these cases are instructive. And given the weight of the authority—and no Eighth Circuit law in support to invoke—Exxon's argument is unavailing. Thus, Exxon fails to establish the "clear abuse of discretion" needed for a writ to issue.

## II. Even if the Rule 41(a)(1) dismissal did not moot Exxon's motion, Exxon cannot establish a clear entitlement to have the case transferred to Kansas.

Even if the District Court could have concluded that the Rule 41(a)(1) dismissal did not moot Exxon's motion, Exxon has not shown that this case clearly should have been transferred to Kansas. *See In re Apple*, 602 F.3d at 912 (noting that a writ petitioner must establish that the writ is "clearly an appropriate remedy"). This is so because the Kansas case and the Missouri case were not parallel.

### A. The (now defunct) Kansas case was not parallel with the Missouri case because of different plaintiffs and putative classes.

Even if the District Court relied only on the dismissal to deny Exxon's motion, the Court should not issue the writ because the plaintiff and claims asserted in the Kansas case were not parallel with the Missouri case. A creation of case law, not statute, the first-filed rule is far from bright line and before it can even be applied, as noted above, the Court must exercise discretion to make a prerequisite finding of parallel litigation. *Nw. Airlines*, 989 F.2d at 1006. Plaintiffs have not found binding

11

Eighth Circuit precedent establishing the test for determining whether litigation is parallel, but other courts evaluate (1) the timing of events, (2) the similarities of the parties involved, and (3) the similarities of the claim or issues. *Adams v. PSP Group, LLC*, 691 F. Supp. 3d 1031, 1038 (E.D. Mo. 2023). Simply because Plaintiffs consolidated the two cases for judicial efficiency does not amount to acquiescence of Exxon's arguments that they were subject to first-to-file analysis.

Here, the timing of the filings is irrelevant since the two cases did not raise similar causes of action, and the other two factors weigh against finding that the Kansas and Missouri cases are parallel. First, the two cases involve different plaintiffs. The Kansas action was strictly a public nuisance claim maintained by a Kansas county. App. 50–52. Ford County proposed to represent a class of *counties* for the harm caused to them from being forced to recycle materials that are not readily recyclable. App. 48. In contrast, the Missouri action started as solely a claim raised by indirect purchasers under federal antitrust laws and state-law antitrust and consumer protection laws and common law unjust enrichment. App. 107-50; R. Doc. 1, at 48-91. Since the plaintiffs and class definitions differ, they involve different parties and thus are not parallel. *Sitzer v. Nat'l Ass'n of Realtors*, No. 19-CV-00332-SRB, 2019 WL 11648563, at *4 (W.D. Mo. Aug. 22, 2019) (declining to apply the first-to-file doctrine for "legally significant differences" where the cases involved

12

different Plaintiffs, different class definitions, and where claims present in the first-filed case were not made in the subsequent case).

**B. The (now defunct) Kansas case was not parallel with the Missouri case because of different causes of action asserted.**

Second, the claims and issues were starkly different. While claims need not be identical to trigger the first-to-file rule, the issues need to be so similar that "a determination in one action leaves little or nothing to be determined in the other." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) (quotation cleaned up). Here, resolving the Kansas public nuisance claim would have virtually zero impact on the federal antitrust and state-law antitrust, consumer protection, and unjust enrichment claims in the Missouri case. To determine the public nuisance claim, the court will have to—at a minimum—determine whether the alleged nuisance had a significant interference with the public health, the public peace, the public comfort, and/or the public convenience, and whether Defendants knew their actions has had and will continue to have a significant impact. By contrast, the federal antitrust and state-law claims by the consumers require determinations as to whether Defendants' alleged conspiracy and deceptive advertising substantially affected interstate and intrastate commerce and whether Defendants engaged in such a conspiracy to conceal and actively mislead purchasers of plastics as to plastics inability to be recycled. So, the Kansas claims are markedly different from those asserted in the original Missouri case. The court's determination

13

as to the public nuisance claim in the Kansas case would leave nearly the entirety of the antitrust, consumer protection, and unjust enrichment claims unresolved.

Exxon ignores the significant differences between these legal claims. *See* Appellant Br. at 6–7. It instead focuses on the factual similarities. But similarity of subject matter is insufficient to trigger the first to file rule.[6] *See CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.*, No. 04-79, 2005 WL 741911, at *5 (N.D. Iowa Mar. 31, 2005) ("Even where the two claims arise out of the same basic facts, the proceedings may not be parallel if they contest different aspects of the issue, seek different relief, or do not include all of the same parties."). Plaintiffs acknowledge that they voluntarily consolidated the two cases together for overlap of factual allegations and future discovery. *See* App. 191; R. Doc. 47, at 2 (noting that because of the "overlap of allegations and parties to the two cases, and for the purposes of judicial efficiency and economies" and because the Missouri First Amended Complaint added several new plaintiffs at home in the Western District of Missouri "the lawsuit is best situated in the Western District of Missouri to be litigated in a single case, together"). But the consolidation of claims for fact discovery does not mean the cases are parallel. *E.g., Adams*, 691 F. Supp. 3d at 1038 (refusing to apply

---

[6] Such a similarity might trigger consolidation as multi-district litigation under 28 U.S.C. § 1407. *See, e.g., In re T-Mobil 2022 Customer Data Security Breach Litig.*, MDL No. 3073, Transfer Order (J.P.M.L. June 2, 2023) (centralizing putative class actions in the Western District of Missouri before the Honorable Brian C. Wimes).

14

first filed rule despite both cases involving the same underlying conduct). Thus, Exxon cannot show that the case should be transferred to Kansas as the appropriate remedy.

### III.    Exxon's policy arguments fail to justify the writ.

Lacking legal support, Exxon largely devotes its petition to making policy arguments that Plaintiffs have manipulated the first to file rule to pick the judge they want. Exxon has fallen well-short of establishing the type of "judge-shopping" that warrants transferring a case. The only basis it can cite to support this allegation is Ford County's voluntary dismissal. Appellant Br. at 18–21, 25–29.

But voluntarily dismissing a case under Rule 41(a)(1) is insufficient because "[t]he reason for the dismissal is irrelevant under Rule 41(a)(1)." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017). Even if Ford County needed to justify its actions, the Eighth Circuit has affirmed decisions allowing a plaintiff to dismiss without prejudice in order to join a case already in progress. *See Tillman v. BNSF Railway Co.*, 33 F.4th 1024, 1028 (8th Cir. 2022). Thus, Ford County dismissing the Kansas case under Rule 41(a)(1) is insufficient to establish judge-shopping. *See Adams*, 863 F.3d at 1080–81 (reversing finding of forum shopping on counsel who dismissed a case without prejudice under Rule 41(a)(1)).

The indicia of judge-shopping and forum-shopping in the cases cited by Exxon is missing. Plaintiff is not seeking to avoid an adverse ruling in the Kansas

15

case because the District of Kansas issued no orders in that case. *Cf. Johnson v. Siemens Indus., Inc.*, No. 23-1562, 2023 WL 4686015 (N.D. Cal. July 21, 2023). Plaintiff also did not dismiss the Kansas case to try to moot an order transferring a similar case to Kansas. *See, e.g.*, *Abreu*, 2022 WL 2355541, at *22.

Exxon also does not identify any way in which Plaintiffs have manipulated their right to choose a forum. Plaintiffs did not file the Missouri case despite having no connection in the district because five plaintiffs are from Missouri. *Cf. In re Apple*, 602 F.3d at 913. Exxon has identified no effort by Plaintiffs to manipulate jurisdiction in Missouri by, for example, creating a business organization in the district mere months before filing suit. *Cf. In re Samsung Electronics Co., Ltd.*, 2 F.4th at 1378.

If anyone appears to be judge-shopping, it's Exxon. And when it moved to transfer the case, Ford County, and the causes of action in the District of Kansas case were not a part of this lawsuit. As such, it lacked a cognizable basis to transfer the consumer action to Kansas when it initially filed its motion. Further, it has since filed a motion to recuse Judge Bough. R. Doc. 109. This conduct smacks of judge-shopping. *See United States v. Beale*, 574 F.3d 512, 519 (8th Cir. 2009) ("[D]efendants are not 'permitted to use [recusal] as a judge-shopping device.'" (quoting *In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008))).

16

## CONCLUSION

Exxon cannot make the case that warrants the extraordinary remedy of mandamus. This Court should deny Petitioner-Defendant Exxon Mobil Corp.'s petition for writ of mandamus.


Dated: March 21, 2025.                    Respectfully submitted,

                                          SHARP LAW LLP

                                          By: */s/ Rex A. Sharp*
                                          Rex A. Sharp
                                          Isaac L. Diel
                                          W. Greg Wright
                                          Sarah T. Bradshaw
                                          Hammons P. Hepner
                                          SHARP LAW, LLP
                                          4820 W. 75th Street
                                          Prairie Village, KS 66208
                                          rsharp@midwest-law.com
                                          idiel@midwest-law.com
                                          gwright@midwest-law.com
                                          sbradshaw@midwest-law.com
                                          hhepner@midwest-law.com

                                          *Counsel for Respondents*

17

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14 point Times New Roman font. This brief complies with the type-volume limitations of Fed. R. App. P. 21(d)(1) because it contains 4,060 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief has been scanned for viruses and is virus-free.

18

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2025, I transmitted the foregoing instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

/s/ Rex A. Sharp
Rex A. Sharp

19