Rev. 3/6/2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EXXON MOBILE, et al.,<br><br>   Defendants.<br><br>and<br><br>STATE OF KANSAS, *ex rel.*<br>KRIS KOBACH, Attorney-General,<br><br>   Defendant-Intervenor | Case No. **25-CV-2195-TC-TJJ** |

## AMENDED ORDER REGARDING PLANNING AND SCHEDULING

On July 7, 2025, the Court entered an Initial Order Regarding Planning and Scheduling (ECF No. 222), setting deadlines regarding the parties' obligations under Fed. R. Civ. P. 26, and setting this matter for a Scheduling/Status Conference pursuant to Fed. R. Civ. P. 16. On July 15, 2025, Plaintiffs filed an unopposed Motion for Extension of Time of Rule 26 Deadlines and Reset of Rule 16 Scheduling/Status Conference (ECF No. 227). The Court, finding Plaintiffs have shown good cause given the complexity and number of parties in the case, grants the Motion for Extension of Time and enters the following amended order adopting the proposed extensions with one minor exception noted below.

Fed. R. Civ. P. 1 mandates the "just, speedy, and inexpensive" determination of this action. With this goal in mind, U.S. Magistrate Judge Teresa J. James will conduct a Fed. R. Civ. P. 16

scheduling/status conference on **September 22, 2025, at 11:00 a.m.**[1] The conference will be held by Zoom. A Zoom link will be emailed to counsel prior to the conference.

The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P. 26(f) by **August 29, 2025**. Generally, discussion at the planning conference must address the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including using mediation or other methods of alternative dispute resolution; making or at least arranging for Fed. R. Civ. P. 26(a)(1) disclosures; any issues about preserving discoverable information; developing a discovery plan; discovery of electronically stored information (ESI); and a proposed scheduling order. More specifically, the parties must discuss the agenda items set out in Fed. R. Civ. P. 16(c)(2)(A)-(P) and Fed. R. Civ. P. 26(f)(3)(A)-(F), and prepare a proposed scheduling order using the form available at the following:

*https://ksd.uscourts.gov/civil-forms*

Careful planning is essential to efficient case management and discovery. The court strongly encourages the parties to conduct their Rule 26(f) planning conference in person instead of by telephone, to improve the quality of discussion. It is unacceptable to simply exchange draft proposed scheduling orders by e-mail without further discussion. The court also strongly encourages "first chair" trial counsel to be meaningfully involved in this critical planning process. Before the planning conference, the parties shall review and be prepared to address the agenda items set out in Rules 16(c)(2)(A)-(P) and 26(f)(3)(A)-(F). The parties should think creatively and cooperatively, to the extent possible, about how to structure this case in a way that will lead to the efficient resolution of the factual and legal issues presented.

---

[1] Plaintiffs' Motion proposed a September 18, 2025 Scheduling/Status Conference, but the Court is not available on that date.

The parties must work together to draft a proposed scheduling order, which will constitute the written report required by Fed. R. Civ. P. 26(f)(2). The parties must note any points of disagreement in the proposed scheduling order and include a brief explanation of their respective positions. If the parties agree to a proposed schedule, then by **September 12, 2025**, the parties must jointly submit the following:

(1) a redlined version of the proposed scheduling order that shows all changes to the court's form proposed scheduling order, and

(2) a clean version of the proposed scheduling order.

If the parties cannot agree to a proposed schedule, each side must submit a proposed scheduling order by **September 12, 2025**. Each version of the proposed scheduling order must be submitted in Word format as an attachment to an e-mail sent to ksd_james_chambers@ksd.uscourts.gov. The proposed scheduling order must not be filed with the clerk's office. The e-mail transmitting the proposed scheduling order must also include cellular numbers for each attorney of record and any party appearing pro se.

The parties must serve their Rule 26(a)(1)(A) initial disclosures by **September 12, 2025**, and email copies of the initial disclosures to the undersigned judge's chambers with the proposed scheduling order. The magistrate judge may discuss these disclosures during the scheduling conference in finalizing a discovery and case plan that achieves Rule 1's objectives. The parties should not submit to the court any documents identified or described in their Rule 26(a)(1)(A) initial disclosures.

If you have questions concerning this order's requirements, please contact the undersigned judge's courtroom deputy, Kylee Shrum, at 913-735-2260, or by e-mail at to ksd_james_chambers@ksd.uscourts.gov.

IT IS SO ORDERED.

Dated July 16, 2025, at Kansas City, Kansas.

/s/ Teresa J. James

Teresa J. James
U. S. Magistrate Judge