# Exhibit 2

| State | State-by-State Authority on Application of *AGC* Factors[1] |
|---|---|
| Arizona | *Luscher v. Bayer A.G.*, 2005 WL 6959406, at *1–2 (Ariz. Super. Ct. Sept. 16, 2005) (applying *AGC* factors to dismiss Arizona state antitrust claims by indirect purchasers); *see also Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 (N.D. Ill. 2017) (holding Arizona state courts "have adopted the *AGC* test or a modified version of it to determine antitrust standing"), *aff'd*, 902 F.3d 735 (7th Cir. 2018). |
| Arkansas | *GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 845–86 (E.D. Mich. 2018) (holding plaintiff's alleged injuries were "too remote" under the *AGC* factors to sustain its consumer protection claim under Arkansas law); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *17 (N.D. Ill. June 29, 2015) ("In light of the importance of causation under Arkansas law, Indirect Plaintiffs' remoteness problems in the antitrust context also preclude their rebranded antitrust claims brought under the Arkansas Deceptive Trade Practices Act, requiring dismissal of those claims."); *Indep. Cnty. v. Pfizer, Inc.*, 534 F. Supp. 2d 882, 888 (E.D. Ark. 2008) (dismissing Arkansas Deceptive Trade Practices Act claim due to remoteness of the injury), *aff'd sub nom. Ashley Cnty, v. Pfizer, Inc.*, 552 F.3d 659 (8th Cir. 2009). |
| California | *Wholesale Elec. Antitrust Cases I & II*, 55 Cal. Rptr. 3d 253, 265 (Cal. Ct. App. 2007) (holding plaintiffs must show they have antitrust standing under the *AGC* factors to seek antitrust damages under California's Cartwright Act); *Vinci v. Waste Mgmt., Inc.*, 43 Cal. Rptr. 2d 337, 338–39 (Cal. Ct. App. 1995) (applying *AGC* factors in affirming dismissal of Cartwright Act claim); *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 120 (2d Cir. 2021) (dismissing California antitrust claim for lack of standing, noting that "California law substantially incorporates the *AGC* factors"). |
| Connecticut | *Tremont Pub. Advisors, LLC v. Conn. Res. Recovery Auth.*, 217 A.3d 953, 959 n.7, 966 (Conn. 2019) (concluding that "to have standing to bring a claim under the antitrust act, a plaintiff must adequately plead both that it has suffered an antitrust injury and that it is an efficient enforcer of the antitrust act," citing factors to guide the inquiry, including the "directness" and "speculativeness" of the alleged injury and the difficulty of apportioning damages "to avoid duplicative recoveries"); *accord Brown v. Hartford Healthcare Corp.*, 2023 WL 7150051, at *5 (Conn. Super. Ct. Oct. 26, 2023) (applying "factors derive[d] from the seminal United States Supreme Court decision on federal antitrust standing in . . . '*AGC*'" to Connecticut Antitrust Act claim); *In re Cattle & Beef Antitrust Litig.*, 687 F. Supp. 3d 828, 841 n.5 (D. Minn. 2023) ("Connecticut would also apply *AGC*[.]"). |

---

[1] Defendants also refer the Court to the cases cited in Section II.E.2 of Defendants' Suggestions in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Pursuant to Rules 12(b)(1) and 12(b)(6).

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
| District of Columbia (D.C.) | *Peterson v. Visa U.S.A., Inc.*, 2005 WL 1403761, at *4–5 (D.C. Super. Ct. Apr. 22, 2005) (holding the court will "look at federal case law," including the factors articulated in *AGC*, the "seminal case" on antitrust standing, in dismissing District of Columbia Antitrust Act claim); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 542 (N.D. Ill. 2019) (applying *AGC* factors to antitrust claim under District of Columbia law). |
| Florida | *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *19 (N.D. Ill. June 29, 2015) (dismissing Florida consumer protection claim, in part because "Florida still adheres to the 'direct purchaser' rule" prohibiting antitrust damages claims under Florida's antitrust laws, and Florida would "preclude injuries that are too remote from the alleged antitrust violation"). |
| Hawaii | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding Hawaii would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *In re Cattle & Beef Antitrust Litig.*, 687 F. Supp. 3d 828, 841 (D. Minn. 2023) (holding Hawaii applies the *AGC* factors under its antitrust laws). |
| Illinois | *Cnty. of Cook v. Phillip Morris, Inc.*, 817 N.E.2d 1039, 1045–46 (Ill. App. Ct. 2004) (citing *AGC* and concluding this "remoteness doctrine applies" to plaintiffs' claims under the Illinois Antitrust Act); *see also, e.g.*, *O'Regan v. Arb. Fs., Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act."); *United States ex rel. Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 930 (N.D. Ill. 2015) ("[T]he [c]ourt sees no reason why the Illinois Supreme Court would not follow *AGC*."). |
| Iowa | *Southard v. Visa U.S.A. In*c., 734 N.W.2d 192, 198 (Iowa 2007) ("We think the *AGC* test is more reflective of the legal context within which the Iowa legislature enacted Iowa's competition law. Therefore, we apply the *AGC* factors to determine whether the plaintiffs may recover under Iowa law."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *14 n.2 (N.D. Ill. June 29, 2015) ("[T]he Iowa Supreme Court made clear that *AGC* applies under Iowa law."). |
| Kansas | *Wrobel v. Avery Dennison Corp.*, 2006 WL 7130617, at *3 (Kan. Dist. Ct. Feb. 1, 2006) ("[T]he Court finds that the *AGC* standing test may be applied to this action even though the KRTA specifically contemplates indirect purchaser suits."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *9 (N.D. Ill. June 29, 2015) ("[T]he Court is persuaded that the Kansas Supreme Court would apply *AGC* in interpreting antitrust standing under KRTA."). |

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
| Maine | *Knowles v. Visa U.S.A., Inc.*, 2004 WL 2475284, at *8 (Me. Super. Oct. 20, 2004) ("[T]he court has weighed the *Associated General Contractors* factors and has concluded that . . . the factors that militate against standing outweigh those in favor of standing."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 543 (N.D. Ill. 2019) (considering "all *AGC* factors in analyzing Plaintiffs' claim under Maine law"). |
| Maryland | *havePOWER, LLC v. Gen. Elec. Co.*, 183 F. Supp. 2d 779, 785 (D. Md. 2002) (concluding plaintiff "must meet the six factors set forth by the Supreme Court in *Associated General Contractors*" to sue under Maryland Antitrust Act); *Waldorf Shopping Mall, Inc. v. Great Atl. & Pac. Tea Co.*, 1984 WL 15690, at *14 (Md. Cir. Ct. Feb. 16, 1984) (holding state antitrust law "demands the incorporation" of federal antitrust standing rules, including theories of remoteness); *Oliver v. Am. Express Co.*, 2021 WL 386749, at *3 (E.D.N.Y. Feb. 1, 2021) ("The view of Maryland's antitrust statute as comparable to its federal analogue, coupled with the state's harmonization provision and the Maryland decision in *Waldorf Shopping Mall*, suggests that Maryland courts would apply the *AGC* factors to claims brought under Maryland's antitrust law."). |
| Massachusetts | *RSA Media, Inc. v. AK Media Grp., Inc.*, 260 F.3d 10, 16 (1st Cir. 2001) (dismissing Massachusetts consumer protection claim because federal antitrust claim failed for lack of causation under *AGC* and "causation remains a necessary element" of the state-law equivalent). |
| Michigan | *Stark v. Visa U.S.A. Inc.*, 2004 WL 1879003, at *4–5 (Mich. Cir. Ct. July 23, 2004) (concluding Michigan Antitrust Reform Act claim fails because plaintiff "cannot meet the five-factor test set forth in *Associated General Contractors*"); *see also Oliver v. Am. Express Co.*, 2021 WL 386749, at *3 (E.D.N.Y. Feb. 1, 2021) ("[T]he court finds that Michigan would apply the *AGC* factors."); *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *15 (D.N.J. Oct. 2, 2013) (finding that the *AGC* factors apply to claims under Michigan antitrust law). |
| Minnesota | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 631 (Minn. 2007) ("Standing under Minnesota antitrust law must be defined by some prudential limits informed by foreseeability, proximate cause, remoteness, and relation of the injury to the purposes of the antitrust law."); *id.* at 628, 631 (holding "there are injuries so remotely related to antitrust violations that courts simply cannot provide relief" and "whether the damages claims are speculative, is relevant to standing under the Minnesota antitrust law"); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *11 (N.D. Ill. June 29, 2015) ("[T]he *Lorix* court still acknowledged that some of the *AGC* factors overlap with Minnesota's antitrust-standing inquiry."); *In re Cattle & Beef Antitrust Litig.*, 687 F. Supp. 3d 828, 841 (D. Minn. 2023) ("The Court will also dismiss the antitrust claim arising under |

3

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
| | Minnesota law because, though Minnesota does not apply *AGC* explicitly, it similarly considers proximate causation and directness, which Plaintiffs failed to establish."). |
| Mississippi | *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 344 (Miss. 2004) (finding indirect purchaser claims were too remote to state a claim under Missouri law); *Carefirst of Md., Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 322 n.23 (E.D. Va. 2024) (citing *Owens Corning* and holding the Mississippi Supreme Court has "applied factors that parallel the *AGC* test"). |
| Missouri | *Duvall v. Silvers, Asher, Sher & McLaren, M.D.'s*, 998 S.W.2d 821, 825–27 (Mo. Ct. App. 1999) (applying *AGC* and holding "injuries were too remote or too indirect to give [plaintiff] standing" under Missouri law); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 192 (D. Me. 2004) (following Missouri Court of Appeals' decision in *Duvall* and dismissing indirect purchaser suit under Missouri's consumer protection statute). |
| Nebraska | *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 298–301 (Neb. 2006) ("We conclude that appellants lack standing under *Associated General Contractors* to seek recovery for [defendants'] alleged violation of the Junkin Act."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (applying *AGC* factors to Nebraska antitrust claim); *see also Tackitt v. Visa U.S.A., Inc.*, 2004 WL 2475281, at *1 (Neb. Dist. Ct. Oct. 19, 2004) (same). |
| Nevada | *Nevada Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 423 P.3d 605, 607–08 (Nev. 2018) (holding plaintiffs lacked standing under *AGC* to assert Nevada antitrust claims); *Oliver v. Am. Express Co.*, 2020 WL 2079510, at *13 (E.D.N.Y. Apr. 30, 2020) (concluding that Nevada "would apply the *AGC* factors" and plaintiffs lacked standing under Nevada antitrust law). |
| New Hampshire | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding New Hampshire would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (applying *AGC* test to New Hampshire antitrust claims in light of harmonization provision). |
| New Mexico | *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772, 776 (N.M. Ct. App. 2012) (applying *AGC* to claim brought under New Mexico Antitrust Act and dismissing claim for lack of standing); *Oliver v. Am. Express Co.*, 2020 WL 2079510, at *13 (E.D.N.Y. Apr. 30, 2020) (concluding that New Mexico "would apply the *AGC* factors" and plaintiffs lack standing under New Mexico antitrust law). |

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
| New York | *Ho v. Visa USA, Inc.*, 793 N.Y.S.2d 8, 8–9 (N.Y. App. Div. 2005) (affirming dismissal of antitrust claims due to "the remoteness of [plaintiffs'] damages from the alleged injurious activity"), *aff'g*, 2004 N.Y. Slip Op. 50415(U), at *3 (Sup. Ct. N.Y. Cnty. 2004) (applying *AGC* factors in determining that "plaintiffs' alleged injury is far too remote to provide antitrust standing under the Donnelly Act"); *State ex rel. Spitzer v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 12 (N.Y. App. Div. 2007) (affirming the dismissal of indirect purchaser claims because plaintiffs' injury was "too remote" from the "alleged wrongdoing"); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *14 (N.D. Ill. June 29, 2015) ("New York's lower- and mid-level courts have consistently endorsed the application of the *AGC* factors in assessing antitrust standing, [and] the [c]ourt has no reason to believe that New York's highest court would not do the same. Accordingly, the Court will apply the *AGC* factors in determining whether Indirect Plaintiffs have standing under New York's Donnelly Act."); *see also Contant v. Bank of Am. Corp.*, 2018 WL 1353290, at *5 (S.D.N.Y. Mar. 15, 2018) (similar). |
| North Carolina | *Crouch v. Crompton*, 2004 WL 2414027, at *18 (N.C. Super. Ct. Oct. 28, 2004) ("North Carolina courts would apply a multi-factor test to determine standing in indirect purchaser cases. The requirements would recognize indirect purchaser standing, but engraft upon the statute the requirements of standing enunciated in *AGC*, modified to recognize the right to recover for injury created by statute for indirect purchasers."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *15 (N.D. Ill. June 29, 2015) ("[T]he [c]ourt is persuaded that the North Carolina Supreme Court would adopt and apply the *AGC* factors, at least in modified form[.]"); *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *15 (E.D. Va. Sept. 18, 2019) (applying *Crouch* antitrust standing factor test, "adapted from the *AGC* test," to "determine whether indirect purchaser plaintiffs have antitrust standing"). |
| North Dakota | *Beckler v. Visa U.S.A., Inc.*, 2004 WL 2115144, at *2–3 (N.D. Dist. Ct. Aug. 23, 2004) (citing *AGC* and finding indirect purchasers' alleged injury was "too remote"); *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1095 (N.D. Cal. 2007) (concluding antitrust standing under the North Dakota antitrust statute "is to be determined with reference to the *AGC* factors"). |
| Oregon | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding Oregon would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *Carefirst of Md., Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 322 n.23 (E.D. Va. 2024) (same). |

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
| Rhode Island | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding Rhode Island would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *Oliver v. Am. Express Co.*, 2021 WL 386749, at *4 (E.D.N.Y. Feb. 1, 2021) ("Rhode Island courts would apply the *AGC* factors to claims brought under Rhode Island's antitrust laws."). |
| South Dakota | *Cornelison v. Visa U.S.A., Inc.*, No. 03-1350 (S.D. Cir. Ct. Sept. 28, 2004), Mot. Hr'g Tr. 54:4–55:1 (applying *AGC* factors); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 261 (S.D.N.Y. 2019) (concluding South Dakota Supreme Court would apply *AGC* to determine antitrust standing under South Dakota law); *Oliver v. Am. Express Co.*, 2021 WL 386749, at *4 (E.D.N.Y. Feb. 1, 2021) ("South Dakota would apply the *AGC* factors."). |
| Tennessee | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding Tennessee would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (citations omitted) ("Tennessee courts look to interpretations of federal antitrust law for guidance in interpreting Tennessee's antitrust law. Absent authority to the contrary, the Court will apply *AGC* to the Tennessee antitrust claim."). |
| Utah | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding Utah would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *Carefirst of Md., Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 322 n.23 (E.D. Va. 2024) (same); *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 (N.D. Ill. 2017) (holding Utah would follow federal antitrust principles and it is "appropriate to apply the *AGC* analysis" to antitrust claim under Utah law), *aff'd*, 902 F.3d 735 (7th Cir. 2018). |
| Vermont | *GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 845–86 (E.D. Mich. 2018) (holding Vermont would apply the *AGC* factors); *see also Fucile v. Visa U.S.A., Inc.*, 2004 WL 3030037, at *2–4 (Vt. Super. Ct. Dec. 27, 2004) (applying "the general factors of *Associated General Contractors*" and concluding plaintiffs lack standing). |
| West Virginia | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (holding West Virginia would apply *AGC* factors due to statutory harmonization provision and absence of any countervailing statutory or case law); *accord Carefirst of Md., Inc. v. Johnson & Johnson*, 745 F. Supp. 3d 288, 322 n.23 (E.D. Va. 2024) (same); *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 (N.D. Ill. 2017) (holding West Virginia would follow federal antitrust |

| State | State-by-State Authority on Application of *AGC* Factors |
|---|---|
|  | principles and it is "appropriate to apply the *AGC* analysis" to antitrust claim under West Virginia law), *aff'd*, 902 F.3d 735 (7th Cir. 2018). |
| Wisconsin | *Strang v. Visa U.S.A., Inc.*, 2005 WL 1403769, at *2–5 (Wis. Cir. Ct. Feb. 8, 2005) ("[O]ur appellate courts would look to [the *AGC*] factors for guidance in assessing an indirect or remote purchaser's standing."); *Oliver v. Am. Express Co.*, 2021 WL 386749, at *5 (E.D.N.Y. Feb. 1, 2021) (relying on *Strang* to conclude Wisconsin courts would apply *AGC* factors). |