# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2:25-cv-02195-TC-TJJ |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| EXXON MOBIL CORPORATION, et al. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF KANSAS, *ex rel.* | ) |
| KRIS W. KOBACH, Attorney General, | ) |
| | ) |
| Defendant-Intervenor | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Exxon Mobil Corporation, Chevron Phillips Chemical Company LP, Chevron U.S.A. Inc., DuPont de Nemours, Inc., Celanese Corporation, Dow Inc., The Dow Chemical Company, Eastman Chemical Company, Equistar Chemicals, LP, and American Chemistry Council, Inc. respectfully submit this Memorandum in Support of Defendants' Motion to Stay Discovery. "This is a complex civil case concerning antitrust and related claims arising from the viability of plastic recycling." Dkt. 244 at 1. Discovery should be stayed until resolution of Defendants' motion to dismiss because the motion, as Judge Crouse anticipated, addresses "the multitude of issues that can be expected around a lawsuit concerning this level of complexity and this number of defendants" (*id.*), and provides compelling grounds for dismissal that will dispose of or significantly narrow the scope of burdensome discovery with no undue prejudice to Plaintiffs.

**PRELIMINARY STATEMENT**

Defendants request a stay of discovery pending resolution of their pending motion to dismiss (Dkt. No. 247). The reason for this request is that this sprawling putative class action—purporting to challenge decades-long conduct under the federal antitrust and state antitrust, public nuisance, and consumer fraud statutes—suffers from fundamental defects that require dismissal of Plaintiffs' amended complaint (Dkt. No. 48). Defendants raise numerous bases for dismissal, including that (1) Plaintiffs lack Article III standing; (2) Plaintiffs' antitrust claims do not pass muster; (3) Ford County's public nuisance claim fails as a matter of law; and (4) Plaintiffs fail to state a viable consumer fraud claim. Moreover, Plaintiffs' claims filed in 2024—alleging a decades-old conspiracy based on a handful of statements dating back to the 1980s—are plainly time-barred. These are not mere pleading defects; they are foundational deficiencies that should preclude Plaintiffs from engaging in discovery unless and until the Court sustains any viable claim.

Absent a stay, Defendants will face discovery that is likely unnecessary and exceptionally burdensome and costly. The Supreme Court, the Tenth Circuit, and other courts have recognized the staggering and uniquely severe burden of discovery in antitrust cases. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2007) (noting antitrust discovery "is a sprawling, costly, and hugely time-consuming undertaking"); *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 186 (10th Cir. 2025) (emphasizing expense of proceeding to antitrust discovery); *Othart Dairy Farms, LLC v. Dairy Farmers of Am., Inc.*, 2022 WL 2966615, at *3-5 (D.N.M. July 27, 2022) (staying discovery where plaintiff's antitrust claims covered seven years of conduct); *Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, 2022 WL 111126, at *3 (D. Utah Jan. 12, 2022) (staying antitrust discovery on burden grounds); *In re Broiler Chicken Grower Litig.*, 2017 WL 3841912, at *6 (E.D. Okla. Sept. 1, 2017) (same).

The Supreme Court has thus required that such claims satisfy the plausibility standard

"***before a[n] . . . antitrust case should be permitted to go into its inevitably costly and protracted discovery phase***." *Twombly*, 550 U.S. at 558 (emphasis added). Echoing the Supreme Court, the Tenth Circuit reiterated just this year that due to the expense of antitrust discovery, it "insist[s] upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Ass'n of Surgical Assistants*, 127 F.4th at 186 (quoting *Twombly*, 550 U.S. at 558).

Requiring Defendants to undertake a massive, expensive endeavor, before the Court resolves the consolidated, dispositive motion to dismiss, would impose undue hardship on Defendants and the Court. Conversely, Plaintiffs will suffer no prejudice from a stay. To the contrary, ***all*** parties would benefit by avoiding discovery costs in the event of dismissal.

Accordingly, Defendants respectfully urge the Court to stay discovery—including the production of initial disclosure documents, service of discovery on Defendants, and service of third party subpoenas—pending resolution of Defendants' consolidated motion to dismiss.

## **LEGAL STANDARD**

"[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015); *see also Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013) (affirming district court's discretion to stay discovery pending motion to dismiss); *Toney v. Harrod*, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (James, J.). A stay of discovery is appropriate where: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Cox v. Zmuda*, 2023 WL 5152498, at *1 (D. Kan. Aug. 10, 2023) (James, J.) (citation omitted); *see also McDaniel v. Lakeview Vill., Inc.*, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) (James,

J.) (staying discovery where defendants argued, inter alia, that plaintiffs' claims were untimely filed). Meeting just one of these conditions is sufficient to stay discovery. *Hoedel v. Kirk*, 2020 WL 3892965, at *2 (D. Kan. Jul. 10, 2020) (O'Hara, J.). "[I]n an antitrust case, a stay is appropriate if resolution of that motion 'is likely to modify the scope of discovery substantially.'" *In re Credit Default Swaps Auctions Litig.*, 2024 WL 264035, at *6 (D.N.M. Jan. 24, 2024) (citation omitted); *see also In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 WL 4349160, at *3 (D. Utah Sept. 30, 2024) (granting stay where plaintiffs alleged "complex fraud tracing back decades[] and Plaintiffs' proposed class consist[ed] of 'millions of members'") (citation omitted).

The Court should grant a stay here pending resolution of Defendants' dispositive motion to dismiss to prevent wasteful and burdensome discovery.

## ARGUMENT

### I. DEFENDANTS' MOTION TO DISMISS WILL END OR SUBSTANTIALLY NARROW THIS CASE.

Defendants' consolidated motion to dismiss demonstrates that Plaintiffs' amended complaint (1) suffers from fundamental defects in standing, (2) fails to allege viable antitrust, public nuisance, consumer fraud, or unjust enrichment claims, and (3) is clearly time barred. Where, as here, "[e]ven if the dispositive motion does not result in the complete dismissal of plaintiff's claims, a ruling could narrow the case, 'making discovery at this point wasteful and burdensome.'" *Watson v. Unified Sch. Dist. No. 500*, 2019 WL 2174132, at *2 (D. Kan. May 20, 2019) (O'Hara, J.) (citation omitted).

Defendants' motion to dismiss provides compelling grounds to stay discovery. The gist of Plaintiffs' amended complaint is that Defendants allegedly entered into a conspiracy to promote plastic recycling to increase the demand and price for plastic. *See, e.g.*, Dkt. No. 48, ¶¶ 1–2. Yet, Plaintiffs' theory and associated causes of action fail as a matter of law. ***None*** of the Defendants

4

sold any of the plastic products that plaintiffs allege they bought. And some Defendants have never made the plastic resins used to manufacture end-use plastic products. Plaintiffs do not allege that they ever saw—let alone relied on—any of the alleged misstatements. Nor do Plaintiffs attempt to explain how a handful of alleged decades-old statements by certain Defendants about recycling caused the price of plastic products to increase. Those deficiencies are fatal to Plaintiffs' claims. By way of further example, Plaintiffs' claims should also be dismissed for the following reasons:

*First*, Plaintiffs lack Article III standing because they do not allege concrete, materialized injury, and their allegations lack a plausible causal connection to their purported harm.[1]

*Second*, Plaintiffs' antitrust claims fail because they do not allege any agreement between Defendants, let alone one that unreasonably restrains trade. Plaintiffs provide no details on what the alleged agreement was, when it was supposedly made, who made it, or any other specifics. Nor have Plaintiffs defined an adequate relevant market—a necessary element of an antitrust claim. There can be no conspiracy claim without a well-pleaded agreement or relevant market.

*Third,* Ford County's public nuisance claim fails because Ford County is not authorized to bring the claim even on its own behalf, much less on behalf of *other* governmental entities in Kansas and across the country. The claim also fails for lack of standing, and because Defendants' conduct is lawful and protected, not sufficiently frequent or continuous to be a nuisance, and not the proximate cause of Ford County's purported harm. Moreover, blaming Defendants for promoting and selling a legal product—recyclable resin—that is used by third parties for their own intended purposes cannot support a public nuisance claim under well-established law.

---

[1] Plaintiffs also lack antitrust standing (which is narrower than Article III standing), and courts have held that discovery should be stayed pending the resolution of such threshold issues. *See, e.g.*, *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *4-5 (S.D.N.Y. Mar. 7, 1996).

*Fourth*, Plaintiffs' consumer fraud claims fail because they are not pleaded with the requisite particularity demanded by Fed. R. Civ. P. 9(b). Those claims do not identify any actionable deception by any Defendant or plausibly connect any such deception to the increased plastics prices Plaintiffs allegedly paid. Likewise, entirely missing from the amended complaint is any information on Plaintiffs' own plastics purchases—it does not allege that any Plaintiff saw, let alone relied on, any of Defendants' decades-old statements; nor does it allege that Plaintiffs actually purchased products made of unrecyclable plastic material. Plaintiffs' claims also fail for lack of standing and on additional, state-specific grounds.

*Fifth*, Plaintiffs' unjust enrichment claim fails because they purport to bring this claim on behalf of a multi-state class without specifying the applicable law. Regardless, the claim is not pleaded with specificity, it is precluded by adequate legal remedies, and there was no benefit conferred by Plaintiffs or received by Defendants. Additionally, some states prohibit recovery by indirect purchasers or do not recognize unjust enrichment as an independent cause of action at all.

*Sixth*, Plaintiffs' claims are all time-barred and cannot be saved by tolling. Indeed, Plaintiffs plead no affirmative acts of concealment by Defendants whatsoever. Plaintiffs have been aware, or reasonably should have been aware, of the basis for their claims for decades, yet they waited until 2024 to file their lawsuit.

Thus, Defendants' motion will likely result in the dismissal of all claims, and—at a minimum—will result in a substantial narrowing of the claims and issues. By way of example, if the antitrust claims are dismissed, discovery as to relevant markets, pricing and sales information along the entire chain of distribution, and similar discovery, would be irrelevant to Plaintiffs' remaining claims. As such, a stay is warranted.

## II.     <u>DISCOVERY WOULD IMPOSE A SUBSTANTIAL BURDEN ON DEFENDANTS.</u>

Complex antitrust litigation is notorious for imposing heavy discovery burdens on

defendants. *See, e.g.*, *Twombly*, 550 U.S. at 558–59 (explaining that antitrust litigation imposes on defendants the "potentially enormous expense of discovery"). This is particularly true here, where Plaintiffs' 92-page antitrust complaint is exceptionally broad, spanning decades, and includes more than a dozen of other, non-antitrust claims targeting much of the plastic resins industry as whole. The Supreme Court, attempting to forestall runaway litigation costs for potentially non-meritorious antitrust claims, articulated a plausibility standard for complaints that "must be crossed at the outset ***before a[n] . . . antitrust case should be permitted to go into its inevitably costly and protracted discovery phase***." *Id.* at 558 (emphasis added). Courts throughout the country have repeatedly granted motions to stay in circumstances similar to those presented here, emphasizing "the unusually high cost of discovery in antitrust cases, the limited success of judicial supervision in checking discovery abuse, and the threat that discovery expense will push cost-conscious defendants to settle even anemic cases." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015) (cleaned up); *Othart Dairy Farms*, 2022 WL 2966615, at *3-5 (staying discovery where plaintiff's antitrust claims covered seven years of conduct); *Mitchell Int'l, Inc.*, 2022 WL 111126, at *3 (granting motion to stay discovery in antitrust case on burdensome grounds); *In re Broiler Chicken Grower Litig.*, 2017 WL 3841912, at *6 (same).[2]

---

[2] *See also, e.g.*, *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("[A]ntitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."); *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *2 (C.D. Cal. Sept. 17, 2015) ("Staying discovery in antitrust cases pending the resolution of a motion to dismiss may be particularly appropriate."); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("Since *Twombly*, Seventh Circuit courts have taken this concern seriously, staying discovery in antitrust litigation and other complex cases."); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive."); *In re Copper Tubing Litig*, 2006 WL 8434911, at *4 (W.D. Tenn. Oct. 3, 2006) ("[A] stay of discovery is particularly appropriate in complex antitrust cases when motions to dismiss are pending.")

The Tenth Circuit recently reiterated the Supreme Court's instruction to "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed" due to the expense of antitrust discovery. *Ass'n of Surgical Assistants*, 127 F.4th at 186 (quoting *Twombly*, 550 U.S. at 558). That rule is particularly appropriate here. Defendants contend, among other things, that Plaintiffs have failed to define an adequate market, an element which the Tenth Circuit identified as "[o]ne of the ways we insist upon specificity in antitrust pleadings[.]" *Id*. Defendants would be unduly burdened if discovery were permitted on the "potentially massive factual controversy" put at issue by Plaintiffs' amended complaint before the Court rules on the sufficiency of the pleadings, including the relevant market. *Id*.

### III.   PLAINTIFFS WILL NOT BE PREJUDICED BY A DISCOVERY STAY.

A stay will not prejudice, much less unduly prejudice, Plaintiffs. Highlighting this fact is Plaintiffs' request, and the Court's Order, to extend Rule 26 conferences and reset the Rule 16 Scheduling/Status Conference. Dkt. Nos. 227 and 232. Thus, Plaintiffs cannot credibly claim prejudice under these circumstances. Even in the event that not all of Plaintiffs' claims are dismissed, a stay would simplify and shorten discovery by limiting the scope of the parties' inquiry to claims that have been established as potentially viable. *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989) (noting that the Rule 12(b)(6) motion to dismiss "streamlines litigation by dispensing with needless discovery and factfinding."); Dkt. 244 at 1-2 (noting that Rule 1 "encourag[es] administration of rules to promote just, speedy, and inexpensive determination of matter").

### CONCLUSION

Defendants respectfully request the Court stay discovery—including the production of initial disclosure documents, service of any discovery requests on defendants, and service of third party subpoenas—pending resolution of Defendants' motion to dismiss. Defendants believe oral argument could assist the Court in answering any questions it may have.

Dated:  September 8, 2025

Respectfully Submitted,

*/s/ Forrest James Robinson, Jr.*

Forrest James Robinson, Jr. (KS #11589)
**HITE, FANNING & HONEYMAN, LLP**
100 N. Broadway, Suite 950
Wichita, KS  67202-2209
Tel:  (316) 265-7741
Fax:  (316) 267-7803
robinson@hitefanning.com

Richard C. Godfrey (*pro hac vice*)
R. Allan Pixton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
Fax:  (312) 705-7401
richardgodfrey@quinnemanuel.com
allanpixton@quinnemanuel.com

*Attorneys for Celanese Corporation*

William F. Ford, Jr. (D. Kan. #70021)
Richard N. Bien (D. Kan. #70101)
Emma C. Halling (KS #27924)
Grant A. Harse (KS #24666)
Brody Sabor (D. Kan. #79098)
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Tel:  (816) 292-2000
Fax:  (816) 292-2001
bill.ford@lathropgpm.com
richard.bien@lathropgpm.com
emma.halling@lathropgpm.com
grant.harse@lathropgpm.com
brody.sabor@lathropgpm.com

David J. Lender (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue

New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
david.lender@weil.com

David R. Singh (*pro hac vice*)
Morgan D. MacBride (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
david.singh@weil.com
morgan.macbride@weil.com

*Attorneys for Defendant Exxon Mobil Corporation*

Thomas P. Schult (D. Kan. #70463)
Jeffrey D. Morris (KS #16123)
Lauren Tallent (KS #28490)
Courtney A. Kroeger (KS #29324)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Tel: (816) 561-7007
Fax: (816) 561-1888
tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Tel: (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
Perlette Michèle Jura (*pro hac vice*)
Bradley J. Hamburger (*pro hac vice*)

**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Tel:  (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

*Attorneys for Defendant Chevron U.S.A. Inc.*

Tristan L. Duncan (KS #70481)
Holly Pauling Smith (KS #19984)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550
Fax:  816-421-5547
tlduncan@shb.com
hpsmith@shb.com

Daniel B. Rogers (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida  33131
Tel:  305-358-5171
Fax:  305-358-7470
drogers@shb.com

*Attorneys for Defendant Chevron Phillips Chemical Company LP*

Kara T. Stubbs (KS #15805)
**BAKER STERCHI COWDEN & RIC LLC**
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Tel: 816-471-2121
Fax: 816-472-0288
stubbs@bakersterchi.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza

Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

*Attorneys for Defendant DuPont de Nemours, Inc.*

Robert J. Hoffman (KS #16453)
Robert M. Thompson (KS #14673)
Grace E. Martinez (KS #29120)
**BRYAN CAVE LEIGHTON PAISNER, LLP**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Tel: (816) 374-3229
Fax: (816) 374-330
Bob.hoffman@bclplaw.com
Rmthompson@bclplaw.com
Grace.martinez@bclplaw.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

*Attorneys for Defendants Dow Inc. and The Dow Chemical Company Inc.*

Gregory J. DuBoff (*pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  (804) 775-1154
Fax:  (804) 775-2054
gduboff@mcguirewoods.com

Michael E. Scoville (*pro hac vice*)
**MCGUIREWOODS LLP**
888 16th Street NW
Washington, D.C. 20006
(202) 857-1700
mscoville@mcguirewoods.com

Karrie J. Clinkinbeard (KS #19583)
Brian M. Nye (KS #24094)
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 54108-2617
Tel:  (816) 221-3420
Fax:  (816) 221-0786
kclinkbinbeard@atllp.com
bnye@atllp.com

***Attorneys for Defendant Eastman Chemical Company***

G. Edgar James (KS #22407)
James M. Humphrey, IV  (KS #29652)
**JAMES SOBBA, LLC**
4435 Main Street, Suite 910
Kansas City, MO 64111
Tel: (816) 623-0544
Fax: (816) 623- 0508
ejames@jamessobba.com
jhumphrey@jamessobba.com

David C. Kiernan (*pro hac vice*)
Craig E. Stewart (*pro hac vice*)
Emily F. Knox (*pro hac vice*)
**JONES DAY**
555 California Street, 26th Flr.
San Francisco, CA 94104
Tel: (415) 626-3939
Fax: (415) 875-5700

dkiernan@jonesday.com
cestewart@jonesday.com
egoldbergknox@jonesday.com

Nicole M. Perry (*pro hac vice*)
J. Bruce McDonald (*pro hac vice*)
Andrew M. Ryngaert (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
Tel: (832) 239-3939
Fax: (832) 239-3600
nmperry@jonesday.com
bmcdonald@jonesday.com
aryngaert@jonesday.com

*Attorneys for Equistar Chemicals, LP*

David L. Anderson (*pro hac vice*)
Sheila A.G. Armbrust (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400
dlanderson@sidley.com
sarmbrust@sidley.com
dgoldenberg@sidley.com

Zachary J. Parker (KS #79250)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
zparker@sidley.com

*Attorneys for Defendant American Chemistry Council, Inc.*

14

## **CERTIFICATE OF SERVICE**

The foregoing was electronically filed with the Court this 8th day of September, 2025, and served via the Court's ECF system upon all counsel of record.

*/s/ Forrest James Robinson, Jr.*
