# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BILLIE RODRIGUEZ, et al.

      Plaintiffs,

      v.

EXXON MOBIL CORPORATION, et al.

      Defendants,

and

STATE OF KANSAS, *ex rel.*
KRIS W. KOBACH, Attorney General,

      Defendant-Intervenor

Case No. 2:25-cv-02195-TC-TJJ

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants seek a halt on all discovery pending a ruling on their Motion to Dismiss. *See* ECF Nos. 249, 250. Their request is predicated on the very arguments that courts in this District find insufficient: that their motion to dismiss might succeed or that discovery will be burdensome. But this is not enough. This District "has a longstanding policy not to stay discovery simply because a dispositive motion is pending." *Lash v. Cupertino Elec., Inc.*, No. 25-2249-JWB-ADM, 2025 WL 2495380, at *2 (D. Kan. Aug. 29, 2025) (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)). Without that crutch, Defendants fail to meet their heavy burden to show such extraordinary circumstances exist.

This case alleges a decades-long, profit-driven scheme to promote to the American consumer the narrative that plastics are recyclable and better for the environment than available substitutes, like glass or aluminum. In reality, only a tiny fraction of plastics are ever recycled or even capable of being recycled. Additionally, the increased production and use of plastics exacerbated corresponding problems with the remediation of plastic waste. Despite Defendants' longstanding knowledge that recycling plastic is neither technically nor economically viable, these companies engaged in marketing and public education campaigns specifically designed to mislead the American public about the viability of plastic recycling as a solution to ongoing plastic waste issues. Their deception perpetuated the global plastic waste crisis and imposed significant costs on communities who are left cleaning up a never-ending plastic mess.

Defendants now seek to prevent all discovery based on their self-stated confidence that their motions will succeed. Their arguments amount to generalized complaints about the cost of antitrust discovery and speculation that their motion to dismiss may narrow or eliminate Plaintiffs' claims. This self-fulfilling prophecy proclaimed by Defendants does not justify their heavy burden to order a stay of discovery. The Court should deny the Motion.

## LEGAL STANDARD

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("The district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). The Court may also stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). But stays are disfavored because they "can delay a timely resolution of the action." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-cv-2046-KHV-ADM, 2024 WL 4274891, at *1 (D. Kan. Sept. 24, 2024) (quotation omitted). Moreover, "the right to proceed in court should not be denied except under the most extreme circumstances." *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-cv-2065-DDC-TJJ, 2021 WL 1108684, at *2 (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

Because of these considerations, this District has a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). Indeed, "bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *KPH Healthcare*, 2021 WL 1108684, at *1 (quoting *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995)). A stay may thus be appropriate when "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought

through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

## ARGUMENTS & AUTHORITIES

Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, No. 10-CV-02593-WJM-KLM, 2012 WL 14255, at *2 (D. Colo. Jan. 4, 2012), Defendants do not met their heavy burden to show that the filing of its Motion to Dismiss constitutes "extreme circumstances" so as to justify a stay. *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. First W. Tr. Ban*k, No. 11-CV-03333-WYD-KLM, 2012 WL 3400532, at *3 (D. Colo. Aug. 14, 2012). In analyzing each of the independent factors needed for a stay, Defendants can't show a "'compelling reason for the issuance of a stay.'" *Lash*, 2025 WL 2495380, at *2 (quoting *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016)). *First*, their motion to dismiss is unlikely to finally resolve this case because Plaintiffs detailed, complaint pleads multiple causes of action supported by decades of coordinated conduct, and at most the motion may narrow—but not eliminate—the claims. *Second*, the facts sought in discovery directly bear on issues Defendants raise, including standing, conspiracy, misrepresentation, tolling, and public nuisance; these fact-intensive matters cannot be resolved in the abstract. *Third*, discovery here will not be wasteful or unduly burdensome. Plaintiffs have not served sweeping requests. Because none of these factors supports halting discovery, and delay would prejudice Plaintiffs, the Motion should be denied.

3

I.    **Defendants have not shown that their Motion to Dismiss will Resolve the Case.**

Defendant's self-serving, conclusory assertions that it will succeed on the motion to dismiss disregard the discretion of the Court. Defendants do not cite *any* controlling authority to support their claim that the Court must grant a stay of discovery pending the resolution of their motion; the great weight of authority in the District of Kansas is against this position. The filing of a motion to dismiss is a routine practice and Defendants have not shown that their motion is in some way more meritorious than any other on the docket. *Holroyd v. Dep't of Veterans Affs.*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (discussing the requirement that defendants show their motion will prevail, considering the liberal construction given to plaintiff at the motion to dismiss stage); *Lash*, 2025 WL 2495380, at *1 ("Quite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court."). By simply advancing a "bare assertion" that their motion will prevail, Defendants have not satisfied their heavy burden to present a clearly compelling reason to stay discovery. *KPH Healthcare*, 2021 WL 1108684, at *1.

If Plaintiffs make "viable counter arguments" in response to the motion or show that the outcome of the case is either unclear or in Plaintiffs' favor, this factor has not been satisfied. *See KetoNatural Pet Foods*, 2024 WL 4274891 (declining to stay discovery because plaintiff's response "assert[ed] viable counter arguments"); *see also Davis v. Wal-Mart Real Estate Business Trust*, No. 25-2184-DDC-ADM, 2025 WL 1755206 (D. Kan. June 25, 2025) (declining to stay discovery because plaintiffs asserted "legitimate arguments against dismissal," and the motion to dismiss was not more meritorious than the average motion to dismiss); *see also Middleton v. Amentum Gov't Servs. Parent Holdings LLC*, No. 24-2456-EFM-BGS, 2024 WL 4836242 (D. Kan. Nov. 20, 2024) ("The Court does not view the pending motion to dismiss as any more or less meritorious than the numerous other motions to dismiss that are filed in this District on a regular

basis. As such, the Court cannot conclude that the District Judge's ruling will likely resolve the case."); s*ee also Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *2 (D. Kan. Apr. 27, 2021) (similarly declining to stay discovery where the outcome of defendants' pending motion to dismiss was unclear).

If simply moving to dismiss is held as a basis to stay discovery, then a stay would be granted in nearly every case before the Court. The District of Kansas notably disfavors this clear infringement of a plaintiff's right to proceed. *Lash*, 2025 WL 2495380, at *1. Although the standard requires consideration of whether the motion to dismiss will end or significantly narrow the case, Defendants merely reiterate the claims made in their motion to dismiss and do not advance any intelligible argument that a stay of discovery is warranted. *See, e.g.,* ECF No. 250 at 5-6. Essentially, Defendants are not asking for a stay of discovery, but a favorable ruling on their motion to dismiss. The Court should not allow Defendants to circumvent their discretion regarding a stay, nor should the Court allow Defendants to relitigate their motion to dismiss before the Court decides the issue.

Even when a defendant moved to dismiss a plaintiff's entire claim, this Court historically has not been willing to accept a defendant's assumption that the Court will in fact dismiss a plaintiff's claim as support for this exception. *Sims v. Kahrs L. Offs., P.A.*, No. 22-2112-JWB-TJJ, 2022 WL 2438386, at *1 (D. Kan. July 5, 2022). This Court determined that a case was unlikely to be finally concluded when a defendant failed to convince the Court that they were likely to prevail on their entire motion to dismiss. *Id.* at 2. In making this determination, the court analyzed the persuasiveness of defendant's arguments for dismissal of all counts. *Id.* at *1. When a defendant cannot show that each and every count is likely to be dismissed, the Court should resolve this factor in favor of the plaintiff because even just one claim surviving "cannot justify a stay."

*Id.* If Plaintiffs provide "viable counterarguments" to the pending Motion to Dismiss, this factor weighs against staying discovery. *KetoNatural Pet Foods*, 2024 WL 4274891, at *2.

Here, Plaintiffs viable counterarguments will be forthcoming in their Opposition to the Motion to Dismiss. Plaintiffs' 98-page, 520-paragraph complaint sets forth specific allegations of a decades-long coordinated scheme to mislead the public about plastic recycling, thereby inflating demand and prices. The complex, fact-intensive nature of Plaintiffs' claims—which involve a decades-long conspiracy and fraudulent scheme—makes dismissal at the pleading stage unlikely and such allegations easily surpass plausibility under B*ell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). More specifically:

- *First*, Plaintiffs allege they paid supracompetitive prices for plastic products and municipal entities incurred inflated costs to manage plastic waste because of Defendants' coordinated marketing. Such economic injury is paradigmatic Article III harm.

- *Second*, the complaint details decades of parallel conduct, joint trade association campaigns, coordinated messaging, and industry-sponsored public relations efforts promoting false claims of recyclability. These allegations details how Defendants, competitors in the petrochemical market, acted in concert through trade associations to execute a unified scheme. *E.g.,* Am. Compl. ¶¶ 33, 76-93. These allegations are more than sufficient to support a plausible inference of concerted action under Twombly.

- *Third*, Defendants' coordinated promotion and mass production of plastics caused widespread and ongoing harm to public health and local environments. *E.g.,* Am. Compl. ¶¶ 55-57. Whether those allegations satisfy nuisance elements is a legal dispute—not a basis to foreclose discovery into the scope of harms, Defendants' knowledge, and causation.

- *Fourth*, Defendants' argument that Plaintiffs' claims are time-barred fails because the Complaint plausibly alleges grounds for tolling the statute of limitations. A motion to dismiss on limitations grounds should be granted only if the bar is apparent on the face of the complaint. That is not the case here.

It cannot be said the entire case is *likely* to be resolved by granting the pending Motion to Dismiss. So the Court should deny Defendants' Motion to Stay Discovery.

II.    **Discovery will affect the resolution of the pending Motion to Dismiss.**

Defendants also argue that discovery is irrelevant to their Motion to Dismiss because the motion raises purely legal deficiencies. But this is still not the case. Their Motion to Dismiss challenges standing, market definition, antitrust conspiracy, causation, and reliance—all fact-intensive issues. Discovery concerning Defendants' own internal documents, marketing campaigns, industry trade association activities, and pricing strategies will shed light on whether Plaintiffs plausibly allege injury, agreement, and market-wide effects.

Defendants in their joint Motion to Dismiss contest Article III standing, personal jurisdiction, and the plausibility of Plaintiffs' various underlying claims. ECF No. 248 at 8-9. Proceeding with discovery could inform both personal jurisdiction and resolving facts regarding the plausibility of the antitrust, consumer protection, public nuisance, and unjust enrichment claims. *See GCIU-Employer Retirement Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 871 (10th Cir. 2017). ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.") Given that several Defendants contest personal jurisdiction, this factor weighs against staying discovery. *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2016 WL 4761839, at *2 (D. Kan. Sept. 13, 2016) (finding this second factor weighed against staying discovery because discovery might address personal jurisdiction disputes).

As discussed below, Defendants argue anticipatorily that discovery will be burdensome. Despite having received no discovery requests, Defendants claim blanketly that discovery into any party or claim would be wasteful or burdensome. But facts sought through discovery would inform Plaintiffs and the Court regarding several aspects of the pending Motion to Dismiss, and the Court should allow Plaintiffs to proceed with discovery to help resolve those issues.

Defendants, neglecting to discuss this factor, have failed to show that potential discovery will have no impact on the pending dispositive motion. In short, "[t]he second factor is not instructive in this case, and the Court needn't consider it." *KPH Healthcare*, 2021 WL 1108684, at *2. Therefore, the facts sought through discovery would affect the resolution of the Motion to Dismiss and the Court should allow discovery to proceed.

### III.   Discovery would not be wasteful or burdensome no matter how the Court decides the Motion to Dismiss.

Defendant focuses its argument that discovery would be wasteful and burdensome almost exclusively on the fact that there are antitrust claims in the complaint, while also stating the complaint "includes more than a dozen of other, non-antitrust claims targeting much of the plastic resins industry as [a] whole." ECF No. 250 at 7. "Recognition of the hefty costs associated with antitrust discovery, however, is not tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint." *Digit. Ally, Inc. v. Taser Int'l, Inc.*, No. 16-CV-2032-CM-TJJ, 2016 WL 5944497, at *5-6 (D. Kan. Oct. 13, 2016) (citation omitted). "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *KetoNatural Pet Foods*, 2024 WL 4274891, at *2 (determining Defendant failed to "demonstrate[] that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay.").

Defendants—some of the wealthiest and profitable companies in existence—disingenuously express worry that "the threat of discovery expense will push cost-conscious defendants to settle even anemic [antitrust] cases." ECF No. 250 at 7 (quoting *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015)). In essence, Defendants argue that because there are antitrust claims within the complaint, discovery will automatically be too

burdensome. But Defendants have not met their burden to show with particularity how participation in discovery would be burdensome, unnecessary, or prejudicial.

For example, assuming any Defendant is dismissed altogether from the action, they each have relevant, discoverable information pertinent to the alleged antitrust conspiracy among plastics manufacturers and trade associations regarding the viability of plastic recycling. Moreover, if the Court finds Ford County's claims are barred by the *parens patriae* authority asserted by the Kansas Attorney General, the scope of discovery regarding the pollution of landfills and other disposal sites would remain the same for other putative class member claims.

In contrast, Plaintiffs will be prejudiced should a stay be granted. "[W]here a movant seeks relief that would delay court proceedings by other litigants [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) The rights of Plaintiffs to proceed in court unobstructed by unwarranted delays in the timely resolution of this litigation is "severely affect[ed]" and prejudiced by a stay in discovery. *Id.* Defendants themselves emphasize their alleged conspiracy dates back decades, making it essential for discovery to move forward now, with witnesses and documents becoming unavailable as more time passes. Allowing discovery to proceed would not be wasteful, burdensome, or unduly prejudicial. Defendants have not made the strong showing required for a stay of discovery.

## **CONCLUSION**

Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay Discovery.

Dated: September 22, 2025.                    Respectfully submitted,

                                              */s/ Rex A. Sharp*
                                              Rex A. Sharp, KS #12350
                                              Isaac L. Diel, KS #14376
                                              W. Greg Wright, KS #18352
                                              Sarah T. Bradshaw, KS #26551
                                              Hammons P. Hepner, KS #29138
                                              SHARP LAW, LLP
                                              4820 W. 75th Street
                                              Prairie Village, KS 66208
                                              (913) 901-0505
                                              (913) 261-7564 Fax
                                              rsharp@midwest-law.com
                                              idiel@midwest-law.com
                                              gwright@midwest-law.com
                                              sbradshaw@midwest-law.com
                                              hhepner@midwest-law.com

                                              --and--

                                              Dave Rebein, KS #10476
                                              REBEIN BROTHERS, PA
                                              1715 Central Ave.
                                              Dodge City, KS 67801
                                              Tel: (620) 227-08126

                                              --and--

                                              Glenn I. Kerbs, KS #09754
                                              Samantha F. Sweley, KS #26833
                                              KERBS LAW OFFICE, LLC
                                              1715 Central Ave.
                                              Dodge City, KS 67801
                                              Tel: (620) 255-0238
                                              gkerbs@kerbslaw.com
                                              ssweley@kerbslaw.com

                                              *Attorneys for Plaintiffs*
                                              *and the Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 22, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Rex A. Sharp*
Rex A. Sharp
