# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, et al._____Plaintiffs,____v.____EXXON MOBIL CORPORATION, et al.____Defendants,__and__STATE OF KANSAS, *ex rel.*__KRIS W. KOBACH, Attorney General,____Defendant-Intervenor. | Case No. 2:25-cv-02195-TC-TJJ |

**PLAINTIFFS' OPPOSITION TO UNITED STATES CHAMBER OF COMMERCE'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF <u>DEFENDANTS' MOTION TO DISMISS</u>**

Plaintiffs oppose the Motion for Leave to File an Amicus Brief, Doc. 253, as the United States Chamber of Commerce (the "Chamber") does not satisfy the requisite standard to be considered an amicus curia. The Chamber is not a friend of the Court, but rather a friend of the Defendants. The Chamber's arguments are duplicative or tertiary to those of the Defendants' and are an end run around the briefing page limits imposed on all parties by the Court. The Court should deny the Chamber's Motion and not consider its arguments.

## LEGAL STANDARD

"There is no precedent directly on point in the Tenth Circuit Court of Appeals[] . . . in deciding whether to allow or deny amicus participation. Nor is there a pertinent rule of civil procedure governing amicus participation in federal district courts." *United States v. Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), *aff'd sub nom. United States v. Bd. of Cnty. Commissioners of Cnty. of Otero*, 843 F.3d 1208 (10th Cir. 2016). (internal quotes omitted). "Although no Federal Rule of Civil Procedure governs amicus participation in a district court case, district courts commonly look for guidance to Federal Rule of Appellate Procedure 29, which governs amicus curiae briefs in the United States Circuit Courts of Appeal." *Id.*; *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36–37 (M.D. Pa. 1995). A motion for leave to file an amicus brief must state "the movant's interest" and "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Copeland v. C.A.A.I.R.*, No. 21-5024, 2023 WL 3166345, at *6 n.8 (10th Cir. May 1, 2023) (quoting Fed. R. App. P. 29(a)(3)). However, the district court has sole discretion over the extent to which amicus briefing will be permitted or denied in a pending action. *Waste Management*, 162 F.R.D. at 36.

When deciding whether to consider an amicus curiae brief, courts frequently consider the following factors: "(1) whether the proposed amicus is a disinterested entity; (2) whether there is

1

opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court." *Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d at 1115; *see also Pickup v. Dist. Ct. of Nowata Cnty., Oklahoma*, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896, at **51–52 (N.D. Okla. Jan. 31, 2023); *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020).

## ARGUMENT

Here, all five factors weigh against permitting leave to file the amicus brief.

*First*, the proposed amicus, the Chamber, is plainly not a disinterested entity. Many of Defendants are active participants in the Chamber's lobbying and legislative activities. For example, Chevron Corporation[1] donated hundreds of thousands of dollars to the Chamber through lobbying efforts in 2020, 2021, 2022 (increasing the amount given), and 2023.[2] Additionally, Exxon Mobil donated over one million dollars to the putative amicus in 2021 and 2022 and gave hundreds of thousands of dollars in 2023.[3] The Chamber's legal reform arm, the U.S. Chamber

---

[1] Defendant Chevron U.S.A. Inc. (CUSA) is a major subsidiary of Chevron Corporation. CUSA and its subsidiaries manage and operate most of Chevron's U.S. businesses. *E.g.*, Chevron Corp., 2024 Annual Report (Form 10-K), at 76 (Feb. 21, 2025). Chevron Corporation also owns a 50 percent interest in Defendant Chevron Phillips Chemical Company LP. *Id.* at 18.

[2] Chevron Corp., *chevron 2020 trade association memberships*, (2021), https://www.chevron.com/-/media/chevron/investors/documents/2020-trade-associations.pdf; Chevron Corp., *chevron 2021 lobbying expenditures through trade associations*, (2022), https://www.chevron.com/-/media/chevron/investors/documents/2021-trade-associations.pdf; Chevron Corp., *chevron 2022 lobbying expenditures through trade associations*, (2023), https://www.chevron.com/-/media/chevron/investors/documents/2022-trade-associations.pdf; Chevron Corp., *chevron january – december 2023 lobbying expenditures through trade associations*, (2024), https://www.chevron.com/-/media/chevron/investors/documents/2023-trade-memberships-jan-dec-2023.pdf.

[3] Exxon Mobil, *2021 Lobbying Report*, https://corporate.exxonmobil.com/-/media/global/files/policy/lobbying/exxonmobil-2021-lobbying-report.pdf; Exxon Mobil, *2022 Lobbying Report*, https://corporate.exxonmobil.com/-/media/global/files/policy/lobbying/exxonmobil-2022-lobbying-report.pdf; Exxon Mobil, *Trade associations, think tanks, and coalitions*,

Institute for Legal Reform, has also received lobbying contributions from Chevron and Exxon Mobil. For example, the U.S. Chamber Institute for Legal Reform received over half a million dollars in 2021 and 2022 from Exxon,[4] while Chevron donated hundreds of thousands of dollars to the Chamber Institute for Legal Reform in 2021, 2022, and 2023.[5] Because of the swath of donations and political contributions from Defendants, the Chamber is not a disinterested entity. *See, e.g., Holman v. Future Growth, LLC*, No. 24-CV-1012-EFM-TJJ, 2024 WL 3413864, at *1 (D. Kan. July 15, 2024) (noting that "the Tenth Circuit Court of Appeals has rejected a motion for leave to file an amicus brief based solely upon the factor 'whether the proposed amicus is a disinterested entity.'") (quoting *Fischer v. BMW of N. Am., LLC*, No. 20-1399, 2021 WL 5458444, at *7 n.6 (10th Cir. Nov. 23, 2021)). The Chamber cannot meet the first factor for permitting leave to file an amicus brief. That alone is sufficient to deny the motion.

*Second*, there is no consent amongst the parties for the filing of the amicus brief. And Plaintiffs oppose the entry of the proposed amicus. *See* Doc. 253 at 2. "The term 'amicus curiae' means friend of the court, not a friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citing *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir. 1991)). "[A] district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special

---

https://corporate.exxonmobil.com/who-we-are/policy/exxonmobil-advocacy-report/direct-lobbying-activities-expenditures/trade-associations-think-tanks-and-coalitions.
[4] *Id.*
[5] Chevron Corp., *chevron 2020 trade association memberships*, (2021), https://www.chevron.com/-/media/chevron/investors/documents/2020-trade-associations.pdf; Chevron Corp., *chevron 2021 lobbying expenditures through trade associations*, (2022), https://www.chevron.com/-/media/chevron/investors/documents/2021-trade-associations.pdf; Chevron Corp., *chevron 2022 lobbying expenditures through trade associations*, (2023), https://www.chevron.com/-/media/chevron/investors/documents/2022-trade-associations.pdf; Chevron Corp., *chevron january – december 2023 lobbying expenditures through trade associations*, (2024), https://www.chevron.com/-/media/chevron/investors/documents/2023-trade-memberships-jan-dec-2023.pdf.

3

interest that justifies his having a say." *Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir. 1970). Plaintiffs oppose the proposed amicus brief because the Chamber is a friend of Defendants, not a friend to the Court in deciding on the motion to dismiss.[6] Furthermore, financial and political contributions are not special interests that justify the Chamber having a say. One of several reasons for the policy of denying or limiting amicus participation is that "amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs[.]" *Pickup*, 2023 WL 1394896, at *52 (quoting *Voices for Choice v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003)); *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016) ("Amici briefs often serve valuable functions, but those functions don't include . . . unilaterally expanding the word limits established by rule for a favored party."). Plaintiffs should not be forced to spend time and expense of responding to an additional brief (and one that includes arguments not raised in the Motion to Dismiss), in response to a brief filed by a non-party. The proposed amicus brief simply enables Defendants to add extra pages to the motion to dismiss and to attempt to strengthen the assertions of Defendants under the guise of offering the Court advice or guidance in making its ruling.

*Third*, no party can reasonably argue that counsel is incapable of making arguments without the assistance of amicus. Both Plaintiffs and Defendants are represented already by competent counsel capable of making arguments without the assistance of the putative amicus. Indeed, Defendants are represented by over 49 attorneys from the world's largest and best credentialed law firms. *See, e.g.,* Doc. 249 at 2-8 (listing counsel). Further, the Chamber offers no legal expertise that is separate and apart from what arguments are already presented by Defendants

---

[6] The Chamber has repeatedly filed amicus briefs in other cases on behalf of Defendants here. *See, e.g., ExxonMobil Corp. v. Arjuna Capital LLC et al.*, No. 4:24-cv-00069, ECF No. 32-34 (N.D. Tex. 2024); *see also Chevron U.S.A. Inc. v. USEPA*, No. 21-71132, ECF No. 39-41 (9th Cir. 2022).

and their counsel. The Chamber's brief will not be of assistance to the Court. *Jones v. Dish Network Corp.*, No. 22-CV-00167-CMA-STV, 2022 WL 2340661, at *1 (D. Colo. June 29, 2022) (denying the Chamber's motion for leave to participate as amicus while finding that the parties were adequately represented, the Chamber did not offer unique perspective but repeats the same arguments as counsel, and would not assist the Court in reviewing matters that escaped that parties' briefing). This Court should follow *Jones*, and deny the Chamber's motion.

*Fourth* and *Fifth*, the Chamber's proposed brief offers neither strong nor useful arguments for the Court to consider. Instead, the Chamber simply duplicates portions of Defendants' Motion to Dismiss. The proposed amicus brief would serve as an end-around for Defendants to make more detailed arguments regarding protected speech and public nuisance law, extending page limits does not provide any new or helpful information to the Court. *See Ackerman*, 831 F.3d at 1299. Because the Chamber chose to parrot the same arguments in Defendants' Motion to Dismiss, the Court should not entertain its request to enter the litigation.

## **CONCLUSION**

The Chamber's Motion for Leave to File the amicus brief cannot establish the requisite factors and the brief does not assist the Court in deciding the issues at the motion to dismiss stage. The Court should deny the Chamber's Motion and not consider its arguments.

Dated: September 22, 2025.

Respectfully submitted,

*/s/ Rex A. Sharp*
Rex A. Sharp, KS #12350
Isaac L. Diel, KS #14376
W. Greg Wright, KS #18352
Sarah T. Bradshaw, KS #26551
Hammons P. Hepner, KS #29138
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564 Fax
rsharp@midwest-law.com
idiel@midwest-law.com
gwright@midwest-law.com
sbradshaw@midwest-law.com
hhepner@midwest-law.com

--and--

Dave Rebein, KS #10476
REBEIN BROTHERS, PA
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 227-08126

--and--

Glenn I. Kerbs, KS #09754
Samantha F. Sweley, KS #26833
KERBS LAW OFFICE, LLC
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 255-0238
gkerbs@kerbslaw.com
ssweley@kerbslaw.com

*Attorneys for Plaintiffs
and the Proposed Classes*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Rex A. Sharp*
Rex A. Sharp