# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2:25-cv-02195-TC-TJJ |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| EXXON MOBIL CORPORATION, et al. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF KANSAS, *ex rel*. | ) |
| KRIS W. KOBACH, Attorney General, | ) |
| | ) |
| Defendant-Intervenor. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO STAY DISCOVERY

Plaintiffs' opposition confirms that Defendants' motion to stay (Dkt. 250) should be granted. Plaintiffs dedicate much of their opposition to the unremarkable proposition that "stays are disfavored" here. Opp. (Dkt. 256) at 2; *id.* at 1, 3-5. But in so doing, Plaintiffs ignore the Tenth Circuit's controlling instruction that, due to the expense of antitrust discovery, it "insist[s] upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 186 (10th Cir. 2025) (affirming dismissal with prejudice of antitrust claims for, *inter alia*, failure to plausibly allege a relevant market, conspiracy, or antitrust injury) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). That instruction alone means Plaintiffs should not be permitted to take discovery before the Court decides Defendants' meritorious challenge to the

pleadings. As in *Surgical Assistants*, this antitrust suit fails for multiple reasons. Accordingly, the Court should stay discovery here pending resolution of the consolidated motion to dismiss.

## I.    DEFENDANTS' MOTION TO DISMISS WILL END OR SUBSTANTIALLY NARROW THE CASE.

Plaintiffs contend that "Defendants do not cite *any* controlling authority to support their claim that the Court must grant a stay of discovery pending the resolution" of the Defendants' and Defendant-Intervenor's consolidated motion to dismiss (Dkt. 247). Opp. at 4. Not so. The Tenth Circuit has made clear that "[p]roceeding to antitrust discovery can be expensive. So we 'insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed' in these cases." *Ass'n of Surgical Assistants*, 127 F.4th at 186. Plaintiffs ignore this binding circuit authority (which Defendants cite to in their motion, *see* Dkt. 250 at 2, 3, 8), and instead invoke a laundry list of mostly non-antitrust cases, all of which predate it. *See, e.g.*, Opp. at 4-5; *cf id.* at 2 (citing *Tomes v. Loancare, LLC*, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) (Gale, J.) (granting motion to stay pending resolution of motion to dismiss)); Opp. at 2-3 (citing *Myles v. Walmart, Inc.*, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023) (Mitchell, J.) (granting motion to stay)). Plaintiffs simply have no "right to proceed" to discovery in this antitrust suit unless the Court determines that they have stated a plausible antitrust claim. *Id.* at 5.

Judge Crouse recognized that this is "a complex civil case concerning antitrust and related claims arising from the viability of plastic recycling." Dkt. 244 at 1. And Plaintiffs admit that Defendants' motion to dismiss addresses a "98-page, 520-paragraph" amended complaint that alleges a "decades-long [antitrust] conspiracy." Opp. at 6. Accordingly, even if Plaintiffs were correct that a motion to stay can be defeated by merely making "viable counter arguments" in response to a motion to dismiss in a run-of-the-mill case, this is not a run-of-the-mill case. Plaintiffs contend that their allegations "easily surpass plausibility under [*Twombly*]." But Plaintiffs'

purported "counter arguments" to the motion to dismiss do not even address most of the dispositive arguments Defendants raised in their motion to dismiss and summarized in their motion to stay:

*First*, Plaintiffs offer no counter argument (viable or otherwise) to the proposition that "their allegations lack a plausible causal connection to their purported harm." Dkt. 250 at 5.

*Second*, Plaintiffs neither dispute that they failed to "define[] an adequate relevant market—a necessary element of an antitrust claim," nor that "[t]here can be no conspiracy claim without a well-pleaded agreement or relevant market." *Id.*

*Third*, Plaintiffs fail to dispute that "Ford County is not authorized to bring the [nuisance] claim even on its own behalf, much less on behalf of *other* governmental entities in Kansas and across the country" or that the nuisance claim "fails for lack of standing." *Id.*

*Fourth*, Plaintiffs do not even address Defendants' arguments that "Plaintiffs' consumer fraud claims fail because they are not pleaded with the requisite particularity demanded by Fed. R. Civ. P. 9(b)" or that "Plaintiffs' unjust enrichment claim fails" for a litany of reasons. *Id* at 6.

These unrefuted arguments are dispositive of Plaintiffs' complaint, obviating entirely the need for any discovery. And they would at least eliminate wide swaths and entire claims, limiting what, if any, discovery should move forward. In sum, Defendants have shown that the consolidated motion to dismiss will likely resolve this entire case, or at least substantially narrow it.

As such, Plaintiffs' reliance (Opp. at 8) on *Digital Ally, Inc. v. Taser International, Inc.* is misplaced. 2016 WL 5944497 (D. Kan. Oct. 13, 2016) (James, J.). Although the Court denied the defendant's request to continue a stay, Plaintiffs fail to mention that the Court had earlier granted a six-month stay of discovery after the defendant filed a motion to dismiss. *Id.* at *5-*6. And even in denying the request to *continue* the stay, the Court narrowed the scope and timing of discovery by allowing the plaintiff to serve no more than three subpoenas per month for three months. *Id.* at

\*6. In any event, that case was decided nearly a decade before the Tenth Circuit's recent *Association of Surgical Assistants* decision.

## II.     DISCOVERY WOULD IMPOSE A SUBSTANTIAL BURDEN ON DEFENDANTS.

Without citing any authority, Plaintiffs fault Defendants for failing to meet "their burden to show with particularity" how discovery would be burdensome. Opp. at 9. But where, as here, "[e]ven if the dispositive motion does not result in the complete dismissal of plaintiff's claims, a ruling could narrow the case, 'making discovery at this point wasteful and burdensome.'" *Watson v. Unified Sch. Dist. No. 500*, 2019 WL 2174132, at \*2 (D. Kan. May 20, 2019) (O'Hara, J.) (citation omitted); *Coates v. Ashley Bldg. Corp., Inc.*, 2023 WL 6199732, at \*3 (D. Kan. Sept. 22, 2023) (Mitchell, J.) (similar). Furthermore, Plaintiffs do not—and cannot—dispute that their nearly 100-page complaint alleges facts "spanning decades. . . targeting much of the plastic resins industry as a whole." Dkt. 250 at 7. There can be no real dispute that discovery into such a sprawling and expansive scope—particularly where Plaintiffs do not articulate a plausible relevant market for their antitrust claims—creates an expensive, wasteful, and undue burden on Defendants.

Plaintiffs contend that "[d]iscovery concerning Defendants' own internal documents, marketing campaigns, industry trade association activities, and pricing strategies will shed light on whether Plaintiffs plausibly allege injury, agreement, and market-wide effects." Opp. at 7. But Plaintiffs get it backwards. The Tenth Circuit "insist[s] upon some specificity in pleading *before* allowing a potentially massive factual controversy to proceed." *Ass'n of Surgical Assistants*, 127 F.4th at 186. Plaintiffs cannot use discovery on their sprawling allegations to "inform Plaintiffs and the Court regarding several aspects of the pending Motion to Dismiss." Opp. at 7.

While Plaintiffs argue that they should be entitled to proceed to discovery because two Defendants "contest personal jurisdiction," they identify no actual discovery that would be

necessary for the Court to resolve the two defendants' personal jurisdiction arguments. *Id.* And with good reason. The facts on which the Dow and DuPont defendants' jurisdictional motion depends are (1) few, (2) narrow, and (3) at least in large part, unlikely to be contested by Plaintiffs. Plaintiffs' failure to identify discovery they believe relates to the jurisdictional motions is an implicit concession that those motions are no basis to resist a general discovery stay here.[1]

## III.  PLAINTIFFS WILL NOT BE PREJUDICED BY A DISCOVERY STAY.

Citing once again a non-antitrust suit that predates the Tenth Circuit's *Association of Surgical Assistants* decision by several decades, Plaintiffs argue that they "will be prejudiced should a stay be granted." Opp. at 9. But their only substantive argument is that because the "alleged conspiracy dates back decades," "witnesses and documents becom[e] unavailable as more time passes." *Id.* This fails for multiple reasons. As an initial matter, the time the parties may wait for the Court to decide whether Plaintiffs have adequately pled any claim pales in comparison to the decades Plaintiffs waited to file suit based on public statements certain Defendants allegedly made in the 1980s. Moreover, the fact that Plaintiffs have done nothing to move this case forward (and in fact have taken steps that have caused delay) belies any claim of undue prejudice tied to a stay. Finally, Defendants are subject to preservation obligations, and Plaintiffs do not (and cannot) allege that any Defendant is failing to comply with those obligations. Put simply, Plaintiffs identify no undue prejudice that will result from granting the stay.

## CONCLUSION

For these reasons and those stated in Defendants' Motion, the Court should stay discovery.

---

[1] Plaintiffs also argue discovery is not unduly burdensome because if a Defendant is dismissed, it would "have relevant, discoverable information pertinent to the alleged antitrust conspiracy." Opp. at 9. But Plaintiffs ignore that discovery into a former Defendant (a non-party) is governed by Fed. R. Civ. P. 45 and would be framed by only those claims, if any, that survive dismissal.

Dated:  September 29, 2025

Respectfully Submitted,

/s/ Forrest James Robinson, Jr.
Forrest James Robinson, Jr. (KS# #11589)
**HITE, FANNING & HONEYMAN, LLP**
100 N. Broadway, Suite 950
Wichita, KS  67202-2209
Tel:  (316) 265-7741
Fax:  (316) 267-7803
robinson@hitefanning.com

Richard C. Godfrey (*pro hac vice*)
R. Allan Pixton (*pro hac vice*)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
Fax:  (312) 705-7401
richardgodfrey@quinnemanuel.com
allanpixton@quinnemanuel.com

***Attorneys for Celanese Corporation***

William F. Ford, Jr. (D. Kan. #70021)
Richard N. Bien (D. Kan. #70101)
Emma C. Halling (KS #27924)
Grant A. Harse (KS #24666)
Brody Sabor (D. Kan. 79098)
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Tel:  (816) 292-2000
Fax:  (816) 292-2001
bill.ford@lathropgpm.com
richard.bien@lathropgpm.com
emma.halling@lathropgpm.com
grant.harse@lathropgpm.com
brody.sabor@lathropgpm.com

David J. Lender (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
david.lender@weil.com

David R. Singh (*pro hac vice*)
Morgan D. MacBride (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Tel:  (650) 802-3000
Fax:  (650) 802-3100
david.singh@weil.com
morgan.macbride@weil.com

*Attorneys for Defendant Exxon Mobil Corporation*

Thomas P. Schult (D. Kan. #70463)
Jeffrey D. Morris (KS #16123)
Lauren Tallent (KS# 28490)
Courtney A. Kroeger (KS #29324)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Tel:  (816) 561-7007
Fax:  (816) 561-1888
tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Tel:  (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
Perlette Michèle Jura (*pro hac vice*)
Bradley J. Hamburger (*pro hac vice*)

**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Tel:  (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

*Attorneys for Defendant Chevron U.S.A.
Inc.*

Tristan L. Duncan (KS #70481)
Holly Pauling Smith (KS #19984)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel:  816-474-6550
Fax:  816-421-5547
tlduncan@shb.com
hpsmith@shb.com

Daniel B. Rogers (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida  33131
Tel:  305-358-5171
Fax:  305-358-7470
drogers@shb.com

*Attorneys for Defendant Chevron Phillips
Chemical Company LP*

Kara T. Stubbs (KS #15805)
**BAKER STERCHI COWDEN & RIC
LLC**
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Tel: 816-471-2121
Fax: 816-472-0288
stubbs@bakersterchi.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza

Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

***Attorneys for Defendant DuPont de Nemours, Inc.***

Robert J. Hoffman (KS #16453)
Robert M. Thompson (KS #14673)
Grace E. Martinez (KS #29120)
**BRYAN CAVE LEIGHTON PAISNER, LLP**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Tel: (816) 374-3229
Fax: (816) 374-330
Bob.hoffman@bclplaw.com
Rmthompson@bclplaw.com
Grace.martinez@bclplaw.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

***Attorneys for Defendants Dow Inc. and The Dow Chemical Company Inc.***

Gregory J. DuBoff (*pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  (804) 775-1154
Fax:  (804) 775-2054
gduboff@mcguirewoods.com

Michael E. Scoville (*pro hac vice*)
**MCGUIREWOODS LLP**
888 16th Street NW
Washington, D.C. 20006
(202) 857-1700
mscoville@mcguirewoods.com

Karrie J. Clinkinbeard (KS#19583)
Brian M. Nye (KS #24094)
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 54108-2617
Tel:  (816) 221-3420
Fax:  (816) 221-0786
kclinkbinbeard@atllp.com
bnye@atllp.com

*Attorneys for Defendant Eastman Chemical Company*

G. Edgar James (KS #22407)
James M. Humphrey, IV (KS #29652)
**JAMES SOBBA, LLC**
4435 Main Street, Suite 910
Kansas City, MO 64111
Tel: (816) 623-0544
Fax: (816) 623- 0508
ejames@jamessobba.com
jhumphrey@jamessobba.com

David C. Kiernan (*pro hac vice*)
Craig E. Stewart (*pro hac vice*)
Emily F. Knox (*pro hac vice*)
**JONES DAY**
555 California Street, 26th Flr.
San Francisco, CA 94104
Tel: (415) 626-3939
Fax: (415) 875-5700

dkiernan@jonesday.com
cestewart@jonesday.com
egoldbergknox@jonesday.com

Nicole M. Perry (*pro hac vice*)
J. Bruce McDonald (*pro hac vice*)
Andrew M. Ryngaert (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
Tel: (832) 239-3939
Fax: (832) 239-3600
nmperry@jonesday.com
bmcdonald@jonesday.com
aryngaert@jonesday.com

***Attorneys for Equistar Chemicals, LP***

David L. Anderson (*pro hac vice*)
Sheila A.G. Armbrust (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Tel:  (415) 772-1200
Fax:  (415) 772-7400
dlanderson@sidley.com
sarmbrust@sidley.com
dgoldenberg@sidley.com

Zachary J. Parker (KS #79250)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel:  (312) 853-7000
zparker@sidley.com

***Attorneys    for    Defendant    American Chemistry Council, Inc.***

## CERTIFICATE OF SERVICE

The foregoing was electronically filed with the Court this 29th day of September, 2025, and served via the Court's ECF system upon all counsel of record.


/s/ Forrest James Robinson, Jr.