IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILLIE RODRIGUEZ, ET AL.,<br><br>      Plaintiffs,<br><br>   v.<br><br>EXXON MOBIL CORPORATION, ET AL.,<br><br>      Defendants.<br><br>   and<br><br>STATE OF KANSAS, EX REL., KRIS KOBACH, ATTORNEY GENERAL,<br><br>      Defendant-Intervenor. | Case No. 25-CV-02195-TC-TJJ |

**MEMORANDUM AND ORDER GRANTING MOTION TO STAY DISCOVERY**

This matter is before the Court on the Motion to Stay Discovery (ECF No. 249) filed by Defendants Exxon Mobil Corporation, Chevron Phillips Chemical Company LP, Chevron U.S.A. Inc., DuPont de Nemours, Inc., Celanese Corporation, Dow Inc., The Dow Chemical Company, Eastman Chemical Company, Equistar Chemicals, LP, and American Chemistry Council, Inc. (collectively "Defendants"). Defendants request an order staying all discovery until the Court rules on Defendants' pending Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 247). Plaintiffs oppose the stay. As explained below, Defendants' Motion to Stay is granted.

I.   **Plaintiffs' Allegations**[1]

Plaintiffs' allegations span several decades and concern the viability of plastic recycling. The Amended Class Action Complaint is 98-pages and contains 46 counts, largely based on various state consumer protection and antitrust statutes. Defendants are several petrochemical companies that produce single-use plastics products such as bottles, cups, utensils, take-out containers, and packaging. Highly summarized, Plaintiffs claim since the 1950s Defendants have known most plastic waste is not recyclable, and yet continued to engage in the promotion and production of plastics while touting plastics' supposed disposability. Plaintiffs allege despite knowing plastics limited recyclability, Defendants encouraged the recycling of plastics, using trade groups to spread their message of recyclability as a solution to plastic waste, while continuing to mass-produce single-use plastics. Plaintiffs also claim Defendants pushed their recyclability messaging despite research showing recycling continued to prove to be an ineffective method to combat plastic pollution and waste, and Defendants continue, to this day, to deceive customers regarding the recyclability of single-use plastics to raise plastics prices and continue their production thereof.

Plaintiffs seek to certify a nationwide class consisting of: "All persons, governmental, and non-governmental entities in the United States and its territories who indirectly purchased plastics for end use from January 1, 1990 until Defendants' conduct ceases or class notice is given, whichever occurs first."[2]  Plaintiffs seek an injunction to prohibit Defendants from advertising

---

[1] The allegations set out in this section were gleaned from Plaintiffs' Amended Class Action Complaint (ECF No. 48).

[2] *Id.* at p. 44.

their plastic products as recyclable and damages for the increased cost of plastic products purchased by Plaintiffs during the class period, as well as damages under various state laws for the prices paid due to Defendants' alleged conduct.

Defendants and Defendant-Intervenor[3] jointly filed a Motion to Dismiss (ECF No. 247) seeking to dismiss all of Plaintiffs' claims, arguing Plaintiffs failed to state an antitrust, public nuisance, consumer fraud, or unjust enrichment claim. Defendants also argue Plaintiffs lack Article III standing and all of Plaintiffs' claims are time-barred. Subsequently, Defendants filed the present Motion to Stay Discovery (ECF No. 249), seeking to stay all discovery pending the resolution of Defendants' Motion to Dismiss.

## II.   Applicable Law

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] A court may stay discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[6] A stay is not favored because it can

---

[3] Defendant-Intervenor State of Kansas ex rel. Kris Kobach, Attorney General was granted limited intervention in this matter when it was pending in the Western District of Missouri.  *See* ECF No. 85. Defendant-Intervenor joined Defendants' Motion to Dismiss, but did not join the present Motion to Stay Discovery.

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("District court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[5] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983).

delay the timely resolution of a matter.[7] Thus, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[8]

There are, however, recognized exceptions to this general rule.[9] A stay pending a ruling on a dispositive motion is appropriate if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[10] If any one if these factors is present, a stay may be appropriate.[11] The party seeking the stay of discovery bears the burden of clearly showing a compelling reason for issuance of a stay.[12]

### III.   Legal Analysis

Plaintiffs have asserted many and varied claims against multiple Defendants, as laid out in their 98-page First Amended Class Action Complaint. The factual allegations contained in the First Amended Class Action Complaint span more than 70 years. The proposed nationwide class will undoubtedly be large and there are numerous Defendants. It is beyond dispute that if/when

---

[7] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[8] *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090-TC-TJJ, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023) ("longstanding 'general policy in this district is not to stay discovery even though dispositive motions are pending'" (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994))).

[9] *Id.*; *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007*); Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[10] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024); *McDaniel*, 2023 WL 4198601, at *1; *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[11] *Wolf*, 157 F.R.D. at 495.

[12] *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016).

discovery occurs in this case, it will be extensive and expensive.

Defendants and Defendant-Intervenor have moved to dismiss this action in its entirety on multiple grounds including: (1) Plaintiffs lack Article III standing to bring this suit, (2) Plaintiffs' claims are time-barred, and (3) Plaintiffs otherwise fail to state a claim, as explained in their motion to dismiss.[13] The Court, in its discretion finds, under the circumstances presented here, a stay is appropriate and necessary because discovery at this stage of the proceedings on all of the many issues posed by the First Amended Class Action Complaint would likely be wasteful and unduly burdensome. The Court agrees with Defendants that the ruling on the Motion to Dismiss could "result in a substantial narrowing of the claims and issues," even if it does not resolve the matter in its entirety.[14]

Most notably, Defendants raise a jurisdictional argument in their pending Motion to Dismiss, asserting Plaintiffs lack Article III standing to bring this matter. It would be wasteful and unduly burdensome to subject Defendants to the extensive discovery that is likely in this case if Plaintiffs lack standing and all of their claims are ultimately dismissed on that basis. The better course is for the Court to stay discovery pending determination of that issue as part of the pending Motion to Dismiss. Additionally, and not surprisingly, given Plaintiff's allegations date back to the 1950s, Defendants have asserted a statute of limitations defense which, if successful, could result in the dismissal of some or all of Plaintiffs' claims. Defendants further assert Plaintiffs otherwise fail to state a claim. While these issues will be resolved by the District Judge, it is

---

[13] *See* Memorandum in Support of Defendants' and Defendant-Intervenor's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF No. 248.

[14] *See* Memorandum in Support of Defs.' Mot. to Stay Proceedings, ECF 250, p. 6.

obvious that it would be wasteful and unduly burdensome to subject the parties to the extensive discovery likely in this case without awaiting a ruling on the pending Motion to Dismiss, which may impact the number of Defendants that remain in the proceedings and the scope of the claims asserted against them.

Plaintiffs argue a stay is inappropriate because discovery will affect the resolution of the pending Motion to Dismiss. However, Plaintiffs only broadly state discovery into the issues raised in the Motion to Dismiss is necessary, without identify any specific discovery they need or intend to seek regarding the Motion to Dismiss, or even argue they need discovery to be able to respond to Defendants' Motion to Dismiss. The Court does not find Plaintiffs' argument compelling.

On a final note, in support of their Motion to Stay, Defendants point the Court to recent Tenth Circuit precedent finding that "due to the expense of antitrust discovery, [the Tenth Circuit] 'insists upon some specificity in pleading before allowing potentially massive factual controversy to proceed.'"[15] Defendants cite this precedent to imply there is some lower standard for imposing a stay of discovery in cases with antitrust claims. However, the Court notes that the ruling in the *Association of Surgical Assistants* upon which Defendants so heavily rely was made in the context of a ruling on a motion to dismiss, and largely concerns pleading standards for antitrust claims, rather than whether a stay of discovery is appropriate in such cases.[16] Nonetheless, because Defendants have met their burden of showing a stay is appropriate under the standards regularly

---

[15] Def.'s Reply in Support of the Motion to Stay Discovery, ECF No. 258, p. 1 (quoting *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 186 (10th Cir. 2025)).

[16] *Ass'n of Surgical Assistants*, 127 F.4th at 186 (applying Federal Rule of Procedure 12(b)(6) standards to plaintiffs' antitrust claims).

employed in the District of Kansas, the Court declines to determine whether there is a different and/or lower standard for staying discovery when antitrust claims are raised.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 249) is **GRANTED**. All discovery and other related Rule 26 proceedings, deadlines, and requirements in this case—including the obligation to attend a Rule 16 scheduling conference, or to issue or respond to any discovery—are hereby stayed with respect to all parties pending further order of the Court.

**IT IS SO ORDERED**.

Dated October 28, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge