

Rex A. Sharp
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564– Facsimile
rsharp@midwest-law.com

January 7, 2025

**BY CM/ECF**
The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

      RE:   *Rodriguez et al. v. Exxon Mobil Corp., et al.*, Case No. 2:25-cv-02195-TC-TJJ (D. Kan.) – Plaintiffs' Notice of Supplemental Authority on *State of Conn. v. Exxon Mobil Corp.*, No. HHD-CV20-6132568-S, 2025 WL 3459468 (Conn. Super. Ct. Nov. 26, 2025)

Dear Judge Crouse:

     Under L.R. 7.1(f), Plaintiffs file the attached supplemental authority from *State of Conn. v. Exxon Mobil Corp.*, No. HHD-CV20-6132568-S, 2025 WL 3459468 (Conn. Super. Ct. Nov. 26, 2025). In *Connecticut*, the court denied Exxon's motion to strike in a case involving similar allegations of a deceptive marketing campaign. The court's rejection of Exxon's First Amendment arguments directly supports Plaintiffs' position that Defendants' false promotion of plastics as "recyclable" is (1) unprotected commercial speech and (2) not immune under *Noerr-Pennington*. *See State of Conn. v. Exxon Mobil Corp.*, No. HHD-CV20-6132568-S, 2025 WL 3459468, at **20-27 (Conn. Super. Ct. Nov. 26, 2025).

     On the First Amendment grounds, the court denied the motion to strike because the full content and context of the allegedly misleading statements had not yet been presented to the court. *Id.* at **20-25. Because Exxon offered only "the conclusory claim that the statements described in the complaint do not appear to propose commercial transactions," the court explained that advertising which links products to matters of public debate is not "'entitled to the constitutional protection afforded noncommercial speech,'" and that the presence of public-policy content does not immunize statements that promote products or corporate image in the conduct of trade or commerce. *Id.* at *25 (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 68 (1983)). Thus "the proper classification of the defendant's allegedly false and misleading speech is more likely to result from the study of a full factual record than from a review of mere unproven allegations in a pleading." *Id.* at *25 (quotation omitted).

Plaintiffs' Notice of Supplemental Authority  Page 2
on *State of Conn. v. Exxon Mobil Corp.*,
No. HHD-CV20-6132568-S, 2025 WL 3459468 (Conn. Super. Ct. Nov. 26, 2025)

For the same reasons, the court also refrained from ruling on the applicability of the *Noerr-Pennington* doctrine to Exxon's deceptive practices: "whether the alleged 'campaign of deception' by the defendant constitutes petitioning activity . . . is a fact-bound determination that cannot be made on a motion to strike." *Id.* at *26.

Plaintiffs respectfully suggest this additional authority provides further support for why Plaintiffs' antitrust, public nuisance, and other claims should defeat the motions to dismiss and proceed to discovery to develop the record.

Respectfully submitted,

*/s/ Rex A. Sharp*
Rex A. Sharp

CC: CM/ECF to All Counsel of Record

Enclosure: Memorandum of Decision on Motion to Strike from *State of Conn. v. Exxon Mobil Corp.*, No. HHD-CV20-6132568-S (Conn. Super. Ct. Nov. 26, 2025) (Doc. 158.00).