**Weil, Gotshal & Manges LLP**

BY CM/ECF

767 Fifth Avenue
New York, NY 10153-0119
Phone: +1 212 310 8000
Fax: +1 212 310 8007

**David J. Lender**
+1 (212) 310 - 8153
david.lender@weil.com

January 12, 2026

The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

Re: *Rodriguez et al. v. Exxon Mobil Corp., et al.*, Case No. 2:25-cv-02195-TC-TJJ (D. Kan.) – Defendants' Response to Plaintiffs' Notice of Supplemental Authority on *State of Conn. v. Exxon Mobil Corp.*, No. HHD-CV20-6132568-S, 2025 WL 3459468 (Conn. Super. Ct. Nov. 26, 2025)

Dear Judge Crouse:

We write on behalf of Defendants in the above captioned matter. Plaintiffs notify the Court of an unpublished Connecticut state court decision that has no bearing on the issues here. Rather, *State of Connecticut* dealt primarily with the First Amendment commercial speech doctrine—not the *Noerr Pennington* doctrine, which Defendants rely on to support their joint First Amendment argument. *See* 2025 WL 3459468, at *20–26 (Conn. Super. Ct. Nov. 26, 2025) (spending over five pages on commercial speech and one paragraph on *Noerr Pennington*); *see also* Opp. at 18–19, 43. In *State of Connecticut* all the Court held with respect to *Noerr Pennington* was that—as a matter of Connecticut procedural law— whether conduct was immune under the doctrine was a matter of fact that could not be determined at the pleading stage based on the complaint at issue. *State of Conn.*, 2025 WL 3459468, at *26.

In contrast, courts in the District of Kansas and Tenth Circuit routinely determine whether *Noerr Pennington* applies on a motion to dismiss where the complaint itself shows government-action-linked conduct. *See, e.g.*, *Coll v. First Am. Title*, 642 F.3d 876 (10th Cir. 2011) (affirming dismissal of claims on *Noerr Pennington* grounds at the pleading stage); *GF Gaming Corp. v. City of Black Hawk Colo.*, 405 F.3d 876, 883 (10th Cir. 2005) (upholding granting of a motion to dismiss where conduct was immunized by *Noerr Pennington*); *Digital Ally v. Taser*, 2017 WL 131595 (D. Kan. Jan. 12, 2017) (granting a motion to dismiss based on *Noerr Pennington* immunity); ECF No. 278 at 25 (collecting cases). Indeed, the Supreme Court has held that "[t]he inquiry into the protected status of speech is one of law, not fact." *Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983). And here, Plaintiffs themselves admit that much of Defendants' alleged conduct was protected speech and petitioning activity done in the lobbying context "to defend the plastics industry from restrictive legislation." *See* AC ¶¶ 6, 61–62, 67–68, 87, 99, 116–17.

For these reasons, *State of Connecticut* is not relevant to Defendants' motion pending before the court.

The Honorable Toby Crouse  
January 12, 2026  
Page 2

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

/s/ *David J. Lender*
David J. Lender

CC: CM/ECF to All Counsel of Record