

Rex A. Sharp
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564– Facsimile
rsharp@midwest-law.com

June 12, 2026

**BY CM/ECF**
The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

> RE:     *Rodriguez et al. v. Exxon Mobil Corp., et al.*,
> Case No. 2:25-cv-02195-TC-TJJ (D. Kan.) – Plaintiffs' Notice of Supplemental
> Authority on *In re Shale Oil Antitrust Litig.*, No. 24-md-03119-MLG-LF, Doc.
> 296 (D.N.M. June 11, 2026)

Dear Judge Crouse:

Under D. Kan. L.R. 7.1(f), Plaintiffs submit the attached supplemental authority from *In re Shale Oil Antitrust Litig.*, No. 24-md-03119-MLG-LF (D.N.M. June 11, 2026). Although *Shale Oil* concerned intervention, the court's reasoning rejects the same substantive arguments the State of Kansas, *ex rel.* Kris W. Kobach, Attorney General (the "KAG") raised in support of dismissal here. *Compare* Doc. 248 at 113–19 *with In re Shale Oil Antitrust Litig.*, No. 24-md-03119-MLG-LF, Doc. 153-1 (D.N.M. April 8, 2025). There, as here, the KAG argued that Ford County usurps Kansas's sovereign, *parens patriae*, and statutory authority and that Ford County lacks authority to sue. The court disagreed.

*First*, the court held that Kansas law "expressly authorizes Ford County's suit," that the KAG "cites no authority precluding" political subdivisions from litigating their claims, and that K.S.A. 50-162 permits the KAG to intervene "on behalf of"—not "in opposition to"—a subdivision. Ex. 1 at 4, 9–10, 14–15; *see also id.* at 9 (finding that "the KAG is not acting on behalf of any of the Political Subdivisions; it is adverse to them").

*Second*, the court found the KAG's *parens patriae* and sovereignty theories deficient. *Id.* at 10–12 (identifying "no threat to the health, welfare, or economic well-being of its residents" and deeming the KAG's tax, civil-penalty, and preclusion concerns "unsupported," "speculative," "a nonissue," or "hypothetical").

*Third*, the court found the KAG's argument that 15 U.S.C. § 15c and K.S.A. 50-162 and 75-702 gave him "'sole authority to enforce antitrust and consumer protection claims on behalf of the State, its subdivisions, and its citizens'" inaccurate because "neither law contains such restrictive antitrust language." *Id.* at 18. Moreover, the court noted that the "Kansas legislature has

---

**4820 W. 75ᵗʰ Street, Prairie Village, Kansas 66208**          **www.midwest-law.com**
**913.901.0505**

Plaintiffs' Notice of Supplemental Authority                                    Page 2
on *In re Shale Oil Antitrust Litig.*,
No. 24-md-03119-MLG-LF, Doc. 296 (D.N.M. June 11, 2026)

expressly provided that its political subdivisions may file damages suits for violation of the Kansas Restraint of Trade Act." *Id*. 18–19 (citing K.S.A. 50-161).

      *Finally*, the court concluded that Kansas had shown only "a dispute regarding the Political Subdivisions' litigation choices," which "is not an injury in fact." *Id.* at 9. That reasoning forecloses the KAG's motion to dismiss here.

                                    Respectfully submitted,

                                    */s/ Rex A. Sharp*
                                    Rex A. Sharp

CC: CM/ECF to All Counsel of Record

Enclosure: **Exhibit 1**, Memorandum Opinion and Order Denying Kansas's Motion Intervene from *In re Shale Oil Antitrust Litig.*, No. 24-md-03119-MLG-LF, Doc. 296 (D.N.M. June 11, 2026)