

**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 16, 2026

The Honorable Toby Crouse                                    **VIA CM/ECF ONLY**
United States District Court for the District of Kansas
444 Southeast Quincy Street
Topeka, Kansas 66683

>   **RE:**   ***Rodriguez, et al., v. Exxon Mobil Corp., et al.*, Case No. 2:25-cv-02195-TC-TJJ**
>   **Defendant-Intervenor State of Kansas's Response to Plaintiffs' Notice of**
>   **Supplemental Authority on *In re Shale Oil Antitrust Litig.*, No. 1:24-md-**
>   **03119-MLG-LF, Doc. 296 (D.N.M. June 11, 2026)**

Dear Judge Crouse:

Defendant-Intervenor State of Kansas, *ex rel.* Kris W. Kobach, Attorney General, ("Kansas") responds to Plaintiffs' Notice of Supplemental Authority (Doc. 287) filed in the above-captioned matter. Plaintiffs notify the Court of a decision that materially differs in posture. At top, the *Shale Oil* Order substantively and procedurally only addresses standing for intervention under Rule 24. Unlike in *Shale Oil*, intervention as of right under Rule 24(a)(2) has been granted here, and Kansas's standing for intervention is no longer at issue.[1]

In both cases, Kansas concedes that Ford County has localized authority to recover for its own private claims. *See* Doc. 287-1 at 5; Doc. 278 at 55-56. The dispute between Kansas and Ford County, both here and in *Shale Oil*, rests upon the statutory and constitutional limitations on Ford County's unconsented and extraterritorial exercise of its individual statutory authority. Doc. 278 at 53-54, 56-57.

*First*, the ubiquity of Ford County's claims is material, are not its own private interests, and include each person and governmental entity in the state. Doc. 278 at 53-54. The *Shale Oil* Order does not analyze the ubiquity of its class claims, which includes every person and entity that purchased gasoline in Kansas since 2021. *Second*, Kansas's intervention also challenges Ford County to specifically protect the legal interests of the state's other political subdivisions. Doc. 278 at 56-57. Although Kansas's intervention is averse to Ford County itself, Kansas did intervene "on behalf of" all other political subdivisions to protect their usurped legal interests. *Cf*. Doc 287-1 at 10; Doc. 278 at 56-57.

---

[1] Doc. 85; Doc. 81-1 at 16-17; *see also Coffey v. Comm'r*, 663 F.3d 947, 950 (8th Cir. 2011) (noting district courts find "standing [as] a prerequisite for intervention").

The Honorable Toby Crouse
June 16, 2026
Page 2 of 2


The *Shale Oil* Order does not touch the substantive "novel legal question" at issue. Doc. 287-1 at 19. The novel legal question remains: "'which arm of the state may act in the public interest' and sue?" Doc. 278 at 52. Because the *Shale Oil* Order does not address the substantive issues here, the *Shale Oil* Order is not relevant to Kansas's pending motion.

<div style="margin-left: 40%;">

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Nicholas Smith*
Melanie S. Jack, Kan. Bar No. 13213
  *First Assistant Attorney General*
Nicholas C. Smith, Kan. Bar No. 29742
  *Assistant Attorney General*

</div>

cc:    CM/ECF to All Counsel of Record