**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

July 1, 2026

The Honorable Toby Crouse                    **VIA CM/ECF ONLY**
United States District Court for the District of Kansas
444 Southeast Quincy Street
Topeka, Kansas 66683

   RE: ***Rodriguez, et al., v. Exxon Mobil Corp., et al.***, **Case No. 2:25-cv-02195-TC-BGS**
       **Defendant-Intervenor State of Kansas's Notice of Supplemental Authority**
       **2026 Kansas Laws Ch. 148 (S.B. 462) (effective July 1, 2026)**

Dear Judge Crouse:

       Kansas submits the enclosed supplemental authority in support of its motion to dismiss.
Dkt. No. 247.[1] Plaintiffs' complaint asserts statewide and national public nuisance claims on
behalf of the proposed Public Nuisance Class. Dkt. No. 48 at ¶¶ 205-16.[2] With the passage of
2026 Kansas Laws Ch. 148 ("New Law"), state substantive law on public nuisance claims has
changed and provides an additional basis upon which such class claims should be dismissed.

       The New Law identifies what parties are entitled to bring public nuisance claims, §1(a),
the legal bases upon which public nuisance claims may be brought, §2(a)(1), and when a
political subdivision may bring a public nuisance action, §2(b). The New Law's relevant
provisions below "appl[y] to all claims that are pending on or filed after July 1, 2026," §2(e), and
take effect today, §3.[3]

       Relevant here, the New Law prevents public nuisance claims based upon the
manufacturing, selling, and marketing of legal commercial products. §2(a)(1)(A). The New Law
also forecloses public nuisance claims when the alleged public nuisance is authorized or required
by law and not the result of negligence. §2(a)(1)(B).

---

   [1] Kansas's intervention and motion to dismiss are specifically limited at Ford County. *See* Dkt. No. 248 at 105
n.61; *see also* Dkt. No. 81. Kansas did not join the joint or individual motions to dismiss. Dkt. No. 247, at 1 n.1.; *id.*
at 2 n.2; Dkt. No. 248 at 105 n.60. Instead, Kansas consolidated its motion to dismiss within the Omnibus Motion to
Dismiss at the direction of the Court. Dkt. No 247; Dkt. No. 244.
   [2] Plaintiffs defined the Public Nuisance Class as "All counties, cities, and municipalities located within the United
States and its territories," excluding the "State of California and all cities, counties, and municipalities within." Dkt.
No. 48 at ¶ 163.
   [3] *See also* K.S.A. 45-310(a) (the words "publication in the statute book" mean the date of publication of the
session laws of Kansas specified in" K.S.A. 45-311); K.S.A. 45-311 (prescribing the date of publication as July 1).

Hon. Toby Crouse
July 1, 2026
Page 2 of 2

Also relevant, the New Law provides that political subdivisions may only bring public nuisance claims when "wholly contained within the jurisdiction of such political subdivision." §2(b)(1). In fact, the New Law confirms "the attorney general is the only governmental official or agency in this state" who may file a public nuisance claim when "the alleged public nuisance is not wholly contained within a political subdivision of the state," unless the attorney general consents otherwise. §2(b)(2).

The New Law answers the question of which governmental official is entitled to bring public nuisance claims "not wholly contained within a political subdivision." *See* Dkt. No. 278 at 52; *see also Berk v. Choy*, 607 U.S. 187, 191-200 (2026). The New Law controls and forestalls Ford County's public nuisance class claim.

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Nicholas Smith*
Melanie S. Jack, Kan. Bar No. 13213
  *First Assistant Attorney General*
Nicholas C. Smith, Kan. Bar No. 29742
  *Assistant Attorney General*

Encl.:  2026 Kansas Laws Ch. 148 (S.B. 462)
cc:      All Counsel of Record via CM/ECF

2026 Kansas Laws Ch. 148 (S.B. 462)
**SEE VETO INFORMATION AT END OF DOCUMENT**

KANSAS 2026 SESSION LAWS

REGULAR SESSION

Additions are indicated by **Text**; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

Ch. 148 (S.B. No. 462)

West's No. 108

AN ACT concerning civil actions; relating to actions in negligence; prohibiting certain persons from recovering damages in such actions; relating to public nuisance; prohibiting civil actions for certain nuisances; providing that only the attorney general may file claims regarding public nuisances that are not wholly contained in one political subdivision unless the attorney general delegates authorization to one or more political subdivisions of the state to file such claims; requiring special injury for certain public nuisance actions.

Be it enacted by the Legislature of the State of Kansas:

Section 1.

(a) Notwithstanding any other provision of law, a person who engaged or participated in wrongful conduct or attempted to engage or participate in wrongful conduct shall not bring an action for negligence or collect damages for negligent conduct related to such wrongful conduct. The party against whom negligence is alleged shall have the burden of proving, by a preponderance of the evidence, that a person was engaging or participating in wrongful conduct or attempting to engage or participate in wrongful conduct.

(b) This section applies to any claim that is filed on and after July 1, 2026.

(c) As used in this section:

   (1) "Wrongful conduct" means any violation of:

(A) Federal law that constitutes a crime, regardless of whether such violation results in an arrest, citation, indictment or conviction; or

(B) state law or an ordinance or resolution adopted by a political subdivision of the state that constitutes a felony or a class A or B misdemeanor, regardless of whether such violation results in an arrest, citation, indictment or conviction; and

(2) notwithstanding the provisions of paragraph (1), "wrongful conduct" does not include conduct that constitutes trespass if:

(A) The person committing such conduct is under 18 years of age;

(B) the attractive nuisance doctrine applies to such conduct; and

(C) such person did not have the intent to commit any other violation described in paragraph (1).

Sec. 2.

(a)(1) Notwithstanding any provision of law to the contrary, the following actions or conditions shall not be considered a public nuisance or form the basis of a public nuisance cause of action:

(A) The design, manufacturing, distributing, selling, labeling or marketing of a product sold in commerce unless such product is an illegal product;

(B) an action or condition that is authorized, approved, licensed or mandated by law unless such action or condition is alleged to have resulted from negligent conduct; or

(C) the aggregation of individual injuries or private rights, including, but not limited to, private nuisances.

(2) Nothing in paragraph (1)(A) shall preclude claims or causes of action based on other theories of tort liability, including, but not limited to, product liability, consumer protection, design, labeling or marketing.

(b) Except as provided in subsection (d), in a public nuisance claim, the plaintiff shall have the burden of proving by a preponderance of the evidence that the defendant's actions were the proximate cause of the alleged public nuisance.

(1) A public nuisance claim may be brought by a political subdivision of the state if the alleged public nuisance is wholly contained within the jurisdiction of such political subdivision.

KS LEGIS 148 (2026), 2026 Kansas Laws Ch. 148 (S.B. 462)

(2) If the alleged public nuisance is not wholly contained within a political subdivision of the state, the attorney general is the only governmental official or agency in this state that may file a claim regarding such public nuisance unless the attorney general delegates in writing authorization to one or more political subdivisions of the state to file a claim regarding such public nuisance.

(3) A public nuisance claim by a political subdivision or the attorney general shall be brought by verified complaint, counter-claim or third-party complaint that pleads each element with particularity as required by K.S.A. 60–209, and amendments thereto.

(d) In addition to all other legal requirements, a public nuisance claim may be brought by a private person only if such person has sustained a special injury. A private person shall not bring a class action pursuant to K.S.A. 60–223, and amendments thereto, for a public nuisance claim.

(e) This section applies to all claims that are pending on or filed after July 1, 2026.

(f) As used in this section:

(1) "Governmental entity" means an officer, agency or instrumentality of the federal government, the state or a political subdivision of the state.

(2) "Illegal product" means a product, the possession of which by the party alleged to be creating the nuisance is specifically prohibited by law, including, but not limited to, a controlled substance as defined in K.S.A. 21–5701, and amendments thereto.

(3) "Special injury" means an injury that is different in kind, not just degree, from an injury sustained by the general public exercising the same public right.

(g) The provisions of this act are severable. If any portion of this act is held by a court to be unconstitutional or invalid, or the application of any portion of this act to any person or circumstance is held by a court to be unconstitutional or invalid, the invalidity shall not affect other portions of this act that can be given effect without the invalid portion or application, and the applicability of such other portions of this act to any person or circumstance remains valid and enforceable.

Sec. 3. This act shall take effect and be in force from and after its publication in the statute book.

Approved (Veto Overridden) April 9, 2026.

**CERTIFICATE**

In accordance with K.S.A. 45–304, it is certified that **Senate Bill 462** was not approved by the Governor on April 6, 2026; was returned by objections and approved on April 9, 2026 by two-thirds of the members elected to the Senate notwithstanding the objections of the governor; was reconsidered by the House of Representatives and was approved on April 9, 2026, by two-thirds of the members elected to the House, notwithstanding the objections, the bill did pass and shall become law.

This certificate is made this 9th day of April, 2026 by the Chief Clerk and Speaker of the House of Representatives and the President and Secretary of the Senate.

Daniel R. Hawkins

*Speaker of the House of Representatives of the State of Kansas*

Susan W. Kannarr

*Chief Clerk of the House of Representatives of the State of Kansas*

Ty Masterson

*President of the Senate of the State of Kansas*

Corey Carnahan

*Secretary of the Senate of the State of Kansas*

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.