

Rex A. Sharp
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564– Facsimile
rsharp@midwest-law.com

July 6, 2026

**BY CM/ECF**
The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

> RE: *Rodriguez et al. v. Exxon Mobil Corp., et al.*,
> Case No. 2:25-cv-02195-TC-TJJ (D. Kan.) – Plaintiffs' Response to Defendant
> Intervenor State of Kansas's Notice of Supplemental Authority regarding 2026
> Kansas Laws Ch. 148 (S.B. 462)

Dear Judge Crouse:

Plaintiffs respond to the State's Notice of Supplemental Authority (Doc. 289-1), which cites 2026 Kansas Laws Ch. 148 (the "New Law").

*First*, the State improperly raises new arguments through supplemental authority. D. Kan. Rule 7.1.(f) provides that supplements may only provide citations supporting existing arguments. The State does not even try to link the New Law to prior briefing. The Court should disregard this Notice and require any request for dismissal on this new ground to come through a different motion or supplemental briefing. As highlighted in the State's notice and below, these are complex and novel issues that require more than supplemental letters—and likely should be certified to the Kansas Supreme Court.

*Second,* on the merits, the New Law cannot reach these claims. Ford County filed suit in 2024, and its claims arise from conduct spanning decades—long before the New Law's effective date. Even with a clear retroactivity directive, a Kansas statute cannot reach vested or substantive rights. *Owen Lumber Co. v. Chartrand*, 276 Kan. 218, 220–21 (2003). Substantive rights include rights of action "for injuries suffered in person, reputation or property." *Harding v. K.C. Wall Prods., Inc.*, 250 Kan. 655, 667 (1992) (citing Kan. Const. Bill of Rights § 18). Retroactively extinguishing such claims "constitutes a taking of property without due process of law." *Bryant v. Midwest Staff Sols., Inc.*, 292 Kan. 585, 588 (2011); U.S. Const. amend. XIV. Moreover, the New Law cannot extinguish Ford County's vested claim without a substitute: Section 18 of the Kansas Constitution Bill of Rights only allows abrogating a common-law remedy with an adequate substitute, which the New Law doesn't provide. *See Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1134–35 (2019). Section 2(e)'s reach to "pending" claims therefore cannot abolish this vested cause of action.

---

Plaintiffs' Response to Defendant Intervenor State of Kansas's
Notice of Supplemental Authority
regarding 2026 Kansas Laws Ch. 148 (S.B. 462)                                         Page 2


*Third*, even if the New Law applied, it would not dismiss this action. Section 2(a)(2) preserves Plaintiffs' "consumer protection" and "marketing" claims—the heart of their recycling-deception case. The Notice addresses only the public-nuisance count. Section 2(b)(1) also still permits Ford County's claim for any nuisance within its own jurisdiction—as alleged here.

                                            Respectfully submitted,

                                            */s/ Rex A. Sharp*
                                            Rex A. Sharp


CC: CM/ECF to All Counsel of Record

---

**4820 W. 75th Street, Prairie Village, Kansas 66208**                    **www.midwest-law.com**
**913.901.0505**