# Exhibit A

**Defendants' Notice of Supplemental Authority
2026 Kansas Laws Ch. 148 (S.B. 462)**

July 15, 2026

**VIA CM/ECF**

The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

Re:     *Rodriguez et al. v. Exxon Mobil Corp., et al.,* Case No. 2:25-cv-02195-TC-BGS (D. Kan.)
         – Defendants' Notice of Supplemental Authority 2026 Kansas Laws Ch. 148 (S.B. 462)
         (effective July 1, 2026)

Dear Judge Crouse:

Pursuant to Local Rule 7.1(f), Defendants submit this Notice of Supplemental Authority concerning the new 2026 Kansas Laws Ch. 148 ("New Law"), which precludes Plaintiff Ford County from asserting a public nuisance claim. Dkt. 48 ¶ 163. While this statute may be new, it merely confirms what Defendants and Kansas have argued all along: that Ford County cannot assert a viable public nuisance claim. *See* Dkt. 247 at 29-39, 76-90. This New Law is new authority supporting Defendants' prior arguments in their pending Motions to Dismiss.

First (the Jurisdictional Bar), the New Law confirms that Ford County lacks authority to bring this claim because the public nuisance is not alleged to be "wholly contained within the jurisdiction of [Ford County]." 2026 Kansas Laws Ch. 148, §2(b)(1). Instead, it is expressly alleged to be nationwide, Dkt. 48 ¶¶ 163, 205-216; therefore, the New Law prohibits the claim.

Second (the Legal Product Bar), even if Ford County had statutory authority to assert the claim, another statutory bar applies: a "lawful" product prohibition. §2(a)(1)(A) states that any public nuisance claim based on "[t]he …manufacturing, …selling, …or marketing of a product" fails "*unless such product is an illegal product*." (emphasis added). Ford County's claim is based on the sale and marketing of legal, not "illegal", plastic resin products. Dkt. 48 ¶¶ 1-9, 205-216.

Finally (No Constitutional Standing), the New Law expressly applies to all claims "pending on… July 1, 2026." §2(e). To the extent Ford County argues the statute would violate its constitutional rights (as either a retroactive taking or a violation of due process),   that argument fails because, as a political subdivision of the State of Kansas, Ford County "has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator." *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 628 (10th Cir. 1998); *Gannon v. State*, 298 Kan. 1107, 1134 (2014) (same under Section 18 of the Kansas Bill of Rights). Therefore, Ford County's constitutional arguments fail.

Respectfully Submitted,

**/s/ _Tristan L. Duncan_**
Tristan L. Duncan (KS #70481)
Holly Pauling Smith (KS #19984)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel:  816-474-6550
Fax:  816-421-5547
tlduncan@shb.com
hpsmith@shb.com

Daniel B. Rogers (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
201 South Biscayne Blvd., Suite 3200
Miami, Florida  33131
Tel:  305-358-5171
Fax:  305-358-7470
drogers@shb.com

*Attorneys for Defendant Chevron Phillips Chemical Company LP*

Forrest James Robinson, Jr. (KS# #11589)
**HITE, FANNING & HONEYMAN, LLP**
100 N. Broadway, Suite 950
Wichita, KS  67202-2209
Tel:  (316) 265-7741
Fax:  (316) 267-7803
robinson@hitefanning.com

Richard C. Godfrey (*pro hac vice*)
R. Allan Pixton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
Fax:  (312) 705-7401
richardgodfrey@quinnemanuel.com
allanpixton@quinnemanuel.com

*Attorneys for Celanese Corporation*

2

William F. Ford, Jr. (D. Kan. #70021)
Richard N. Bien (D. Kan. #70101)
Emma C. Halling (KS #27924)
Grant A. Harse (KS #24666)
Brody Sabor (D. Kan. 79098)
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Tel:  (816) 292-2000
Fax:  (816) 292-2001
bill.ford@lathropgm.com
richard.bien@lathropgm.com
emma.halling@lathropgm.com
grant.harse@lathropgm.com
brody.sabor@lathropgm.com

David J. Lender (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
david.lender@weil.com

David R. Singh (*pro hac vice*)
Morgan D. MacBride (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Tel:  (650) 802-3000
Fax:  (650) 802-3100
david.singh@weil.com
morgan.macbride@weil.com

***Attorneys for Defendant Exxon Mobil Corporation***

Thomas P. Schult (D. Kan. #70463)
Jeffrey D. Morris (KS #16123)
Lauren Tallent (KS# 28490)
Courtney A. Kroeger (KS #29324)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Tel:  (816) 561-7007
Fax:  (816) 561-1888

3

tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Tel:  (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
Perlette Michèle Jura (*pro hac vice*)
Bradley J. Hamburger (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Tel:  (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

***Attorneys for Defendant Chevron U.S.A. Inc.***

Kara T. Stubbs (KS #15805)
**BAKER STERCHI COWDEN & RIC LLC**
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Tel: 816-471-2121
Fax: 816-472-0288
stubbs@bakersterchi.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200

4

Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

***Attorneys for Defendant DuPont de Nemours, Inc.***

Robert J. Hoffman (KS #16453)
Robert M. Thompson (KS #14673)
Grace E. Martinez (KS #29120)
**BRYAN CAVE LEIGHTON PAISNER, LLP**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Tel: (816) 374-3229
Fax: (816) 374-330
Bob.hoffman@bclplaw.com
Rmthompson@bclplaw.com
Grace.martinez@bclplaw.com

Nader R. Boulos, P.C. (*pro hac vice*)
Daniel E. Laytin, P.C. (*pro hac vice*)
Jonathan N. Adair (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

***Attorneys for Defendants Dow Inc. and The Dow Chemical Company Inc.***

Gregory J. DuBoff (*pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  (804) 775-1154
Fax:  (804) 775-2054
gduboff@mcguirewoods.com

Michael E. Scoville (*pro hac vice*)
**MCGUIREWOODS LLP**
888 16th Street NW
Washington, D.C. 20006
(202) 857-1700
mscoville@mcguirewoods.com

Karrie J. Clinkinbeard (KS#19583)
Brian M. Nye (KS #24094)
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 54108-2617
Tel:  (816) 221-3420
Fax:  (816) 221-0786
kclinkbinbeard@atllp.com
bnye@atllp.com

***Attorneys for Defendant Eastman Chemical Company***

G. Edgar James (KS #22407)
James M. Humphrey, IV (KS #29652)
**JAMES SOBBA, LLC**
4435 Main Street, Suite 910
Kansas City, MO 64111
Tel: (816) 623-0544
Fax: (816) 623- 0508
ejames@jamessobba.com
jhumphrey@jamessobba.com

David C. Kiernan (*pro hac vice*)
Emily F. Knox (*pro hac vice*)
**JONES DAY**
555 California Street, 26th Flr.
San Francisco, CA 94104
Tel: (415) 626-3939
Fax: (415) 875-5700
dkiernan@jonesday.com
egoldbergknox@jonesday.com

Nicole M. Perry (*pro hac vice*)
J. Bruce McDonald (*pro hac vice*)
Andrew M. Ryngaert (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002

6

Tel: (832) 239-3939
Fax: (832) 239-3600
nmperry@jonesday.com
bmcdonald@jonesday.com
aryngaert@jonesday.com

**Attorneys for Equistar Chemicals, LP**

David L. Anderson (*pro hac vice*)
Sheila A.G. Armbrust (*pro hac vice*)
**SIDLEY AUSTIN LLP**
101 California Street, Suite 3500
San Francisco, CA 94111
Tel:  (415) 772-1200
Fax:  (415) 772-7400
dlanderson@sidley.com
sarmbrust@sidley.com

Jeffrey S. Nichols (KS #19399)
jnichols@wallacesaunders.com
**WALLACE SAUNDERS**
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 (phone)
(913) 888-1065 (facsimile)

**Attorneys for Defendant American Chemistry Council, Inc.**

Encl.: 2026 Kansas Laws Ch. 148 (S.B. 462)

## CERTIFICATE OF SERVICE

The foregoing was electronically filed with the Court this 15th day of July, 2026, and served via the Court's ECF system upon all counsel of record.

/s/ *Tristan L. Duncan*
Counsel for Defendant
Chevron Phillips Chemical Company LP

7

2026 Kansas Laws Ch. 148 (S.B. 462)
**SEE VETO INFORMATION AT END OF DOCUMENT**

KANSAS 2026 SESSION LAWS

REGULAR SESSION

Additions are indicated by **Text**; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

Ch. 148 (S.B. No. 462)

West's No. 108

AN ACT concerning civil actions; relating to actions in negligence; prohibiting certain persons from recovering damages in such actions; relating to public nuisance; prohibiting civil actions for certain nuisances; providing that only the attorney general may file claims regarding public nuisances that are not wholly contained in one political subdivision unless the attorney general delegates authorization to one or more political subdivisions of the state to file such claims; requiring special injury for certain public nuisance actions.

Be it enacted by the Legislature of the State of Kansas:

Section 1.

(a) Notwithstanding any other provision of law, a person who engaged or participated in wrongful conduct or attempted to engage or participate in wrongful conduct shall not bring an action for negligence or collect damages for negligent conduct related to such wrongful conduct. The party against whom negligence is alleged shall have the burden of proving, by a preponderance of the evidence, that a person was engaging or participating in wrongful conduct or attempting to engage or participate in wrongful conduct.

(b) This section applies to any claim that is filed on and after July 1, 2026.

(c) As used in this section:

(1) "Wrongful conduct" means any violation of:

(A) Federal law that constitutes a crime, regardless of whether such violation results in an arrest, citation, indictment or conviction; or

(B) state law or an ordinance or resolution adopted by a political subdivision of the state that constitutes a felony or a class A or B misdemeanor, regardless of whether such violation results in an arrest, citation, indictment or conviction; and

(2) notwithstanding the provisions of paragraph (1), "wrongful conduct" does not include conduct that constitutes trespass if:

(A) The person committing such conduct is under 18 years of age;

(B) the attractive nuisance doctrine applies to such conduct; and

(C) such person did not have the intent to commit any other violation described in paragraph (1).

Sec. 2.

(a)(1) Notwithstanding any provision of law to the contrary, the following actions or conditions shall not be considered a public nuisance or form the basis of a public nuisance cause of action:

(A) The design, manufacturing, distributing, selling, labeling or marketing of a product sold in commerce unless such product is an illegal product;

(B) an action or condition that is authorized, approved, licensed or mandated by law unless such action or condition is alleged to have resulted from negligent conduct; or

(C) the aggregation of individual injuries or private rights, including, but not limited to, private nuisances.

(2) Nothing in paragraph (1)(A) shall preclude claims or causes of action based on other theories of tort liability, including, but not limited to, product liability, consumer protection, design, labeling or marketing.

(b) Except as provided in subsection (d), in a public nuisance claim, the plaintiff shall have the burden of proving by a preponderance of the evidence that the defendant's actions were the proximate cause of the alleged public nuisance.

(1) A public nuisance claim may be brought by a political subdivision of the state if the alleged public nuisance is wholly contained within the jurisdiction of such political subdivision.

(2) If the alleged public nuisance is not wholly contained within a political subdivision of the state, the attorney general is the only governmental official or agency in this state that may file a claim regarding such public nuisance unless the attorney general delegates in writing authorization to one or more political subdivisions of the state to file a claim regarding such public nuisance.

(3) A public nuisance claim by a political subdivision or the attorney general shall be brought by verified complaint, counter-claim or third-party complaint that pleads each element with particularity as required by K.S.A. 60–209, and amendments thereto.

(d) In addition to all other legal requirements, a public nuisance claim may be brought by a private person only if such person has sustained a special injury. A private person shall not bring a class action pursuant to K.S.A. 60–223, and amendments thereto, for a public nuisance claim.

(e) This section applies to all claims that are pending on or filed after July 1, 2026.

(f) As used in this section:

(1) "Governmental entity" means an officer, agency or instrumentality of the federal government, the state or a political subdivision of the state.

(2) "Illegal product" means a product, the possession of which by the party alleged to be creating the nuisance is specifically prohibited by law, including, but not limited to, a controlled substance as defined in K.S.A. 21–5701, and amendments thereto.

(3) "Special injury" means an injury that is different in kind, not just degree, from an injury sustained by the general public exercising the same public right.

(g) The provisions of this act are severable. If any portion of this act is held by a court to be unconstitutional or invalid, or the application of any portion of this act to any person or circumstance is held by a court to be unconstitutional or invalid, the

invalidity shall not affect other portions of this act that can be given effect without the invalid portion or application, and the applicability of such other portions of this act to any person or circumstance remains valid and enforceable.

Sec. 3. This act shall take effect and be in force from and after its publication in the statute book.

Approved (Veto Overridden) April 9, 2026.

**CERTIFICATE**

In accordance with K.S.A. 45–304, it is certified that **Senate Bill 462** was not approved by the Governor on April 6, 2026; was returned by objections and approved on April 9, 2026 by two-thirds of the members elected to the Senate notwithstanding the objections of the governor; was reconsidered by the House of Representatives and was approved on April 9, 2026, by two-thirds of the members elected to the House, notwithstanding the objections, the bill did pass and shall become law.

This certificate is made this 9th day of April, 2026 by the Chief Clerk and Speaker of the House of Representatives and the President and Secretary of the Senate.

Daniel R. Hawkins

*Speaker of the House of Representatives of the State of Kansas*

Susan W. Kannarr

*Chief Clerk of the House of Representatives of the State of Kansas*

Ty Masterson

*President of the Senate of the State of Kansas*

Corey Carnahan

*Secretary of the Senate of the State of Kansas*

---

**End of Document**                                                           © 2026 Thomson Reuters. No claim to original U.S. Government Works.