

Rex A. Sharp
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564– Facsimile
rsharp@midwest-law.com

July 20, 2026

**BY CM/ECF**
The Honorable Toby Crouse
United States District Court for the District of Kansas
444 S.E. Quincy
Topeka, KS 66683

> RE:  *Rodriguez et al. v. Exxon Mobil Corp., et al.*,
> Case No. 2:25-cv-02195-TC-TJJ (D. Kan.) – Plaintiffs' Response to Defendants'
> Notice of Supplemental Authority regarding 2026 Kansas Laws Ch. 148 (S.B.
> 462)

Dear Judge Crouse:

Plaintiffs respond to the Defendants' Notice of Supplemental Authority (Doc. 292-1),
which cites 2026 Kansas Laws Ch. 148 (the "New Law"). Defendants' redundant notice of
supplemental authority is inappropriate here.

*First*, like the State's improper attempt to raise new arguments related to a newly-effective
law through supplemental authority, *see* D. Kan. Rule 7.1.(f) (providing that supplemental
authorities may only support existing arguments), Defendants similarly try to improperly raise new
arguments through "supplemental authority" and also needlessly duplicate the State's arguments.
Such repetitive briefing ignores the Court's previous directive, *see* Doc. 244 (requiring defendants
and the State to file one motion to dismiss, Plaintiffs to file one response brief, and all defendants
to file one reply so that the parties "streamline their arguments, avoid numerous briefs that seem
likely to be interrelated, and help all involved with focusing on the dispositive issues in a limited
set of pleadings" because "having multiple motions and varying page limits applicable to them
and the corresponding number of responses and replies is likely to become difficult to administer"),
and violates the touchstones of Rule 1. Such interrelated briefing across multiple letters is
inefficient, ineffective, and a waste of the resources of the Court and parties. *See Dietz v. Bouldin*,
579 U.S. 40, 47 (2016) (stating "district courts have the inherent authority to manage their dockets
and courtrooms with a view toward the efficient and expedient resolution of cases"). The Court
should disregard this Notice.

*Second*, to the questions raised by the New Law, Plaintiffs contend that such limited letter
briefing is inappropriate. As Plaintiffs noted in their Response to the States' similar Notice, ECF
290, the issues raised by the New Law are complex and novel that require more than 350-word
supplemental letters. Indeed, such questions likely should be certified to the Kansas Supreme

---

Plaintiffs' Response to Defendants' Notice of Supplemental Authority
regarding 2026 Kansas Laws Ch. 148 (S.B. 462)                                                    Page 2

Court. Plaintiffs respectfully request that the Court require any request for dismissal on these new grounds come through a new motion or supplemental briefing.

Respectfully submitted,

*/s/ Rex A. Sharp*
Rex A. Sharp

CC: CM/ECF to All Counsel of Record

---

**4820 W. 75th Street, Prairie Village, Kansas 66208**                                 **www.midwest-law.com**
**913.901.0505**